NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

INTERNATIONAL LONGSHORE-
MEN'S & WAREHOUSEMEN'S UN-
ION & LOCAL 27, Respondent.

No. 73-3239.

United States Court of Appeals,
Ninth Circuit.

April 15, 1975.

Elliott Moore, Asst. Gen. Counsel, NLRB, Joseph E. Mayer, Robert Fulton Dashiell, Attys., NLRB, and Morris R. Bond, Sequim, Wash., for petitioner.

Robert D. Duggan, Seattle, Wash. and Norman Leonard, San Francisco, Cal., for respondent.

## OPINION

Before DUNIWAY and KILKENNY, Circuit Judges, and SWEIGERT, District Judge.*

SWEIGERT, Senior District Judge:

This case is before the Court upon the application of the National Labor Relations Board (hereinafter Board), pursuant to Section 10(e) of the National Labor Relations Act, as amended (29 U.S.C. § 151 et seq.) (hereinafter, Act), for enforcement of an order issued against the International Longshoremen's and Warehousemen's Union (ILWU) and its Local 27 on September 7, 1973 (205 NLRB No. 142), for violations of Sections 8(b)(2) and 8(b)(1)(A) of the Act (29 U.S.C. §§ 158(b)(2) and (b)(1)(A)).

On February 25, 1971, Morris Bond, a member of Local 27 and a registered longshoreman, was cited to appear before the Joint Port Labor Relations Committee of Port Angeles, California (hereinafter, Committee), upon several "no-show" complaints filed by his employers and a complaint brought by the union members of the Committee, charging Bond with the "threat of assault and use of abusive language" towards Leroy Jagger, who was then President of Local 27 and one of the three union members on the six-person Committee.[1]

After separately disposing of the "no-show" complaints, the Committee considered the complaint concerning Bond's conduct towards Jagger. With Jagger participating as a member of the Committee, the Committee reviewed the complaint and Bond's entire work record, and decided to deregister Bond immediately, thus effectively depriving him of an opportunity to secure employment on the West Coast as a longshoreman.

On October 13, 1971, the Board, based upon an unfair labor practices charge which had been previously filed by Bond, issued a complaint against the ILWU and Local 27. Following a hearing on that complaint, an Administrative Law Judge found that the ILWU and Local 27, through the actions of the union members of the Committee, violated Sections 8(b)(2) and 8(b)(1)(A) of the Act by initiating the disciplinary action against and participating in the decision to deregister Bond because of personal antagonism between him and Leroy Jagger. More specifically, the Administrative Law Judge found that Jagger could be characterized as an "arrogant bully" who has frequently challenged other men to fight, who has antagonized the younger longshoremen and who is particularly hostile towards Bond; that, but for the complaint brought concerning Bond's conduct towards Jagger, Bond would not have been deregistered; that the union members sought Bond's deregistration; and that the action of the Committee was prompted by a desire to appease Jagger.

The Administrative Law Judge declined to defer to an arbitrator's decision of February 16, 1973, which was based on arbitration proceedings in which Bond was represented by the ILWU and which upheld the Committee's decision to deregister Bond.

The Administrative Law Judge ordered both the ILWU and Local 27 to attempt to persuade the employer members of the Committee to agree to Bond's re-registration and to make him whole for any loss of pay he suffered as a result of deregistration.

On September 7, 1973, a three-member panel of the Board affirmed the rulings, findings and conclusions of the Administrative Law Judge and adopted his order, further ordering that the union parties seek Bond's reinstatement at *any* level available to them.

---

* The Honorable William T. Sweigert, Senior United States District Judge for the Northern District of California, sitting by designation.

1. Pursuant to a collective bargaining agreement between the ILWU and the Pacific Maritime Association, an employers' association, Joint Port Labor Relations Committees, comprised of an equal number of local union and employer members, are established in each West Coast port in order to exercise control over the registered list of that port.

## THE ACT

Section 8(b)(2) of the Act provides in effect that it shall be an unfair labor practice for a labor organization or its agents to cause an employer, by discrimination in regard to hire, tenure or any term or condition of employment to encourage or discourage membership in any labor organization.

Section 8(b)(1)(A) provides in effect that it shall be an unfair labor practice for a labor organization or its agents to restrain or coerce employees in the exercise of their right to form and to join labor organizations and to engage in other concerted activities.

## LAW

■ The findings of the Board should not be disturbed if, on the record as a whole, there is substantial evidence to support the findings (Universal Camera Corp. v. NLRB, 340 U.S. 474, 491, 71 S.Ct. 456, 95 L.Ed. 456 (1951)); findings on credibility should not be disturbed unless a clear preponderance of the evidence convinces that they are incorrect (NLRB v. Luisi Truck Lines, 384 F.2d 842, 846 (9th Cir. 1967)); findings on motivation for discharge may be based upon circumstantial as well as direct evidence and should not be disturbed where they are reasonable and supported by substantial evidence on the record as a whole (NLRB v. Miller Redwood Co., 407 F.2d 1366 (9th Cir. 1969)).

Applying those standards of review to the record herein, we conclude that there is substantial evidence to support the above-stated findings of the Board.

[4] A union's refusal to refer an employee to any employer because of the employee's "abusive" conduct toward a member of a union executive board has been held to be a violation of both Section 8(b)(2) and Section 8(b)(1)(A) of the Act. Lummus Co. v. NLRB, 119 U.S. App.D.C. 229, 339 F.2d 728, 734 (D.C.Cir. 1964). Similarly, it is a violation of Section 8(b)(2) for a union to cause the discharge of employees for being "disrespectful" to a union official. NLRB v. Hod Carriers & Construction Laborers' Union, Local No. 300, AFL–CIO, 392 F.2d 581, 582 (9th Cir. 1968).

■ Accordingly, we conclude that it is a violation of Sections 8(b)(2) and 8(b)(1)(A) for a joint union-employer committee to deregister an employee where such deregistration is sought by the union because of the personal hostility of a union committee member towards the employee and where the deregistration is agreed to by the employer committee members in order to appease the hostile union member.

It is established that local union members of a Joint Port Labor Relations Committee act as agents of the ILWU. Local 13, ILWU v. Pacific Maritime Association, 441 F.2d 1061 (9th Cir. 1971). Thus, in the instant action, the ILWU is liable for violations of the Act committed by the Local 27 union members of the Committee.

■ The Board may, in its discretion, defer to an arbitration award which relates to an unfair labor practice complaint pending before the Board. Carey v. Westinghouse, 375 U.S. 261, 271, 84 S.Ct. 401, 11 L.Ed.2d 320 (1964). It is not an abuse of that discretion, however, for the Board to decline to defer to an arbitration award which, as found by the Board in the instant action, does not resolve the issue of the unfair labor practice (John Klann Moving and Trucking Co. v. NLRB, 411 F.2d 261 (6th Cir. 1969), or is based on proceedings in which there is an apparent conflict of interest between the employee and the union representing him (Kansas City Meat Packers, Div. of Aristo Foods, 198 NLRB No. 2 (1972)).

■ The Board's award of back pay to Bond is proper under NLRB v. Hod Carriers, Local 300, *supra,* wherein an award of back pay was affirmed as reasonably designed to implement the policies of the Act.

The order of the Board will be enforced.