560 F.2d 1370
 96 L.R.R.M. (BNA) 2680, 82 Lab.Cas. P 10,164
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
R. O. PYLE ROOFING CO., Robert Dixon d/b/a Custom Roofing,
Deloris Terhaar and Marvin Terhaar d/b/a Inland
Empire Roofers, Respondents.
 No. 76-2274.
 United States Court of Appeals,
Ninth Circuit.
 Sept. 15, 1977.
 
 Richard A. Cohen, N.L.R.B., Washington, D. C., argued for petitioner.
 Stanley R. Schultz, Spokane, Wash., argued for respondents.
 On Petition to Enforce an Order of the National Labor Relations board.
 Before MERRILL and WRIGHT, Circuit Judges, and JAMESON, Senior District Judge.*
 PER CURIAM:
 
 
 1
 The Board petitions for enforcement of an order entered after a finding that Pyle Roofing Co. committed an unfair labor practice in refusing to adhere to a collective bargaining agreement negotiated on its behalf by a multi-employer association to which it had assigned its "bargaining rights." The Board held that the refusal constituted violations of § 8(a)(5) and (1) of the Act, 29 U.S.C. § 158(a)(5) and (1). 222 NLRB No. 119. We enforce the Board's order.
 
 
 2
 Pyle Roofing joined the Inland Empire Roofing Contractors Association, with offices in Spokane, Washington, in 1971. For nearly 20 years the association had represented roofing contractors in negotiations with the United Slate, Tile & Composition Roofers, Damp & Waterproof Workers' Association, Local 189, AFL-CIO. The practice had been that individual contractors assigned their bargaining rights to the association which then conducted negotiations and executed an agreement on their behalf.
 
 
 3
 Pyle Roofing repudiated the contract negotiated for 1974-77 and the union filed unfair labor practice charges. The Board adopted the findings and conclusions of the Administrative Law Judge and entered a cease and desist order. Pyle resists enforcement on the grounds (1) that the association's negotiators had no authority to bind him to a collective bargaining agreement absent his ratification and (2) that the charges were not filed within the six-month limitation period prescribed by § 10(b) of the Act, 29 U.S.C. § 160(b).
 
 
 4
 Roy Pyle, President of Pyle Roofing, created apparent authority, if not real authority, to bind Pyle Roofing to a collective bargaining agreement by making a broad assignment of rights to the association in a context which for nearly 20 years had seen the association negotiate and execute an agreement on behalf of its individual members. He thus "grant(ed) . . . permission to the agent to perform acts and conduct negotiations under circumstances which create(d) in (the association) a reputation of authority in the area in which the agent act(ed) and negotiate(d)." NLRB v. Donkin's Inn, Inc., 532 F.2d 138, 141 (9th Cir. 1976), cert. denied, 429 U.S. 895, 97 S.Ct. 257, 50 L.Ed.2d 179 (1976), quoting Hawaiian Paradise Park Corp. v. Friendly Broadcast Co., 414 F.2d 750, 756 (9th Cir. 1969).
 
 
 5
 Matters of agency are generally treated as factual issues. Donkin's Inn, supra. There is substantial evidence to support the Board's finding that Pyle created apparent, if not real, authority in the association to bind him to the agreement.
 
 
 6
 Although Pyle attempted to withdraw from multiemployer bargaining, he never communicated that intent to the union. Moreover, his attempt to withdraw was untimely because it did not come until after negotiations on the new contract had begun. NLRB v. Associated Shower Door Co., 512 F.2d 230 (9th Cir.), cert. denied 423 U.S. 893, 96 S.Ct. 191, 46 L.Ed.2d 125 (1975). We decline to interfere with the Board's finding that the association had authority to bind Pyle to a collective bargaining agreement and did so. We further hold that the Board correctly found an unfair labor practice when Pyle refused to adhere to the agreement negotiated on his behalf. NLRB v. Goodsell & Vocke, Inc., 559 F.2d 1141 (9th Cir. 1977), NLRB v. Spun-Jee Corp., 385 F.2d 379 (2d Cir. 1967).
 
 
 7
 We cannot accept Pyle's statute of limitations argument. First, it is based on Roy Pyle's version, discredited by the Board, of a conversation between him and the union's business agent on October 11, 1974, just five days outside the six-month limitations period. We may interfere with the Board's credibility determinations only if a clear preponderance of the evidence convinces us that they are incorrect. NLRB v. ILWU, 514 F.2d 481, 483 (9th Cir. 1975). We do not find such evidence here.
 
 
 8
 We have examined the business agent's version of the conversation, which the Board credited, to see if Pyle Roofing repudiated its obligations under the contract more than six months before the union filed the unfair labor practice charge. The business agent testified that Pyle told him that he would comply on union jobs, but not on non-union jobs.
 
 
 9
 The Board held that this statement merely indicated a possibility of future noncompliance with the contract and did not constitute a repudiation. We think the statement may have been a partial repudiation but we agree with the Board that it was insufficient to start the § 10(b) period.
 
 
 10
 It was not clear that Pyle was totally repudiating the collective bargaining agreement until Pyle Roofing did not send a representative to a grievance meeting, called under the agreement, to discuss the failure of some employers to pay into the union benefit funds. That meeting occurred January 23, 1975 well within six months of April 16, 1975, the date on which the unfair labor practice charge was filed. The charge was therefore timely. Cf. NLRB v. Strong Roofing Co., 386 F.2d 929 (9th Cir. 1967), cert. denied, 390 U.S. 920, 88 S.Ct. 853, 19 L.Ed.2d 980 (1968).
 
 
 11
 ENFORCEMENT GRANTED.
 
 
 
 *
 Of the District of Montana