Donald C. MILES, Plaintiff-Appellant,

v.

UNITED STATES POSTAL SERVICE, Ken Strom, and Does 1–10, inclusive, Defendant-Appellee.

No. 76–3547.

United States Court of Appeals, Ninth Circuit.

Oct. 3, 1977.

Law Offices of James M. Dombroski, San Francisco, Cal., for plaintiff-appellant.

James L. Browning, Jr., U. S. Atty., Paul J. Fitzpatrick, Asst. U. S. Atty., San Francisco, Cal., for defendant-appellee.

Before GOODWIN and ANDERSON, Circuit Judges, and NIELSEN,* District Judge.

PER CURIAM:

Appellant, on June 4, 1975, brought suit below against the United States Postal Service (Postal Service) and Ken Strom, the Postmaster at the Pacifica, California, Post Office, for breach of contract and misrepresentation. On January 23, 1976, the district court granted Strom's motion for summary judgment. On March 10, 1976, the district court, after reconsideration, granted the summary judgment motion of the Postal Service. Appellant now seeks reversal of that order granting summary judgment to the Postal Service.[1]

Appellant was hired by the Postal Service in Pacifica, California, as a mail handler on February 1, 1975. Appellant alleged that the postmaster of the Pacifica facility, Ken Strom, orally promised appellant that his would be a full-time appointment entailing a forty to forty-five-hour work week. Appellant further alleges that, contrary to this oral agreement, he was allowed to work only 30 hours a week. Following an alleged meeting with Strom concerning the short hours, appellant resigned his position on February 26, 1975. Appellant was not a member of the mail handlers union at any time during the course of his employment, nor did appellant, prior to filing this action, initiate any grievance proceeding.

The district court initially denied, without prejudice, the Postal Service's motions for summary judgment. However, on the day set for trial the district court reversed its previous denial and granted the Postal Service's summary judgment motion on the ground that, as a federal employee, appellant derived his rights by appointment and not by contract and, therefore, appellant had no contractual rights. We reverse.

It is true that, absent legislation, federal employees derive the benefits and obligations of their official positions from appointment to that position, rather than from any contractual relationship created by that appointment. *Hopkins v. United States*, 513 F.2d 1360, 1364 (Ct.Cl.1975); *Urbina v. United States*, 428 F.2d 1280, 1284–85, 192 Ct.Cl. 875 (1970); *Ganse v. United States*, 376 F.2d 900, 180 Ct.Cl. 183 (1967). But it is also clear that Congress can statutorily create a right which did not exist previously. We believe that, in the present case, Congress, by enacting 39 U.S.C. § 1208(b), has created a statutory right to sue for breach of contract, which is available to appellant, a nonunion employee, by analogy to Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a).[2]

39 U.S.C. § 1208(b) states:

"(b) Suits for violation of contracts between the Postal Service and a labor organization representing Postal Service employees, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy."

On its face, this section would appear to be unavailing to appellant, a nonunion employee, since it limits the statutory right to labor organizations. However, it is noted that the above language tracks, almost identically, to the language of Section 301(a) of the LMRA, 29 U.S.C. § 185(a).[3]

---

* The Honorable Leland C. Nielsen, United States District Judge for the Southern District of California, sitting by designation.

1. On this appeal appellant does not question the summary judgment motion granted to Ken Strom.

2. 29 U.S.C. § 185(a) states:
   "(a) Suits for violation of contracts between an employer and a labor organization repre-

senting employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

3. Id.

We believe that resort to cases decided under Section 301(a) will aid us in our resolution of the issue before us, especially in light of the lack of interpretative cases decided under 39 U.S.C. § 1208.

In *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1975), the Supreme Court stated:

"Section 301 contemplates suits by and against individual employees as well as between unions and employers; and contrary to earlier indications § 301 suits encompass those seeking to vindicate 'uniquely personal' rights of employees such as wages, hours, overtime pay, and wrongful discharge." (citations omitted) 424 U.S. at 562, 96 S.Ct. at 1055.

This Circuit has recognized the right of nonunion employees to file suit under Section 301(a) and has held that this section generally must be given a broad reading. *Seay v. McDonnell Douglas Corporation*, 427 F.2d 996 (9th Cir. 1970).

Against this background we conclude that 39 U.S.C. § 1208(b) creates a statutory right to sue for breach of contract that may be maintained by individual Postal Service employees, as well as the labor organizations representing union employees. Since Congress, in enacting 39 U.S.C. § 1208(b), utilized the same language of 29 U.S.C. § 185(a), we believe that both sections must be given the same interpretation.

Our conclusion is strengthened by another provision of the Postal Reorganization Act. 39 U.S.C. § 1209(c) states:

"(c) Each employee of the Postal Service shall have the right, freely and without fear of penalty or reprisal, to form, join, and assist a labor organization or to refrain from any such activity, and each employee shall be protected in the exercise of this right."

As stated, 39 U.S.C. § 1208(b) expressly provides that a union, representing Postal Service employees, may maintain a suit "for violation of contracts." These union employees derived their rights by appointment in the same manner as nonunion employees. However, these union employees, via § 1208(b) and unlike their fellow nonunion employees, are able to bring a suit "for violation of contracts" through their union. To hold that an individual employee may not maintain a similar suit, enjoyed by his fellow union employees, ignores the policy clearly expressed in § 1209(c). If one such as appellant must join the union to maintain the present suit, then appellant is not "protected in the exercise" of his rights afforded to him under § 1209(c) because of this indirect coercion to join the union.

One further point remains for discussion. The district court, in holding that appellant had no contractual rights, did not reach the question whether appellant must first resort to the union-postal service grievance procedures and exhaust his administrative remedies before he may maintain this action. The court should decide this question before reopening the question of the kind of contract, if any that may have existed between the appellant and his employer. In holding that summary judgment was premature in this case, we express no opinion on whether his union-grievance procedure, if available, is an exclusive remedy, or, if the case proceeds to trial, upon the appellant's ability to prove the existence of the contract under which he claims.

REVERSED and REMANDED.