
Michael G. MUDAY, Plaintiff,

v.

Robert CLEAVER, Defendant.

No. K84–223 CA.

United States District Court,
W.D. Michigan, S.D.

Aug. 27, 1984.

Michael G. Muday, pro se.

Anne VanderMale Tuuk, Asst. U.S. Atty., Grand Rapids, Mich., for defendant.

---

## OPINION

BENJAMIN F. GIBSON, District Judge.

On April 23, 1984 the plaintiff, a part-time flexible manual clerk for the United States Postal Service, filed a claim in small claims court alleging that he suffered $185.72 in damages when the defendant refused to grant him emergency annual leave on April 16, 1984 and sick leave on April 17, 1984. On May 25, 1984 this matter was removed to this Court. Now before the Court is defendant's motion to dismiss for plaintiff's failure to exhaust the grievance procedures under the collective bargaining agreement between the United States Postal Service and the American Postal Workers Union.[1]

The defendant's position is that the plaintiff has failed to state a claim upon which relief may be granted. The Court's inquiry at this point, before the reception of any evidence by affidavit or admission, is merely whether the challenged pleading sets forth allegations sufficient to make out the elements of a right to relief. In making this determination, the allegations in the pleading are taken at "face value," *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 515, 92 S.Ct. 609, 614, 30 L.Ed.2d 642 (1972), and should be construed favorably to the pleader. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). "[W]ell pleaded facts are taken as true, and the complaint is construed liberally in favor of the party opposing the motion." *Davis*

---

1. The instant motion was filed on July 2, 1984. As of the date of this opinion, the plaintiff has not responded. This motion is now properly before the Court for decision.

*H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir.1975). All reasonable inferences which might be drawn from the pleading must be indulged. *Fitzke v. Shappell*, 468 F.2d 1072, 1076 n. 6 (6th Cir.1972). Provided that the claim for relief fulfills the requirements of Fed.R. Civ.P. 8(a), it "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–6, 78 S.Ct. 99, 101–2, 2 L.Ed.2d 80 (1957).

The defendant contends that the requirement of exhaustion of contractual remedies under the Labor Management Relations Act, 29 U.S.C. § 185, applies to suits brought pursuant to the Postal Reorganization Act of 1970, 39 U.S.C. § 101 *et seq.* In this case the plaintiff pursued his grievance through to the second of a four-step grievance procedure established by the collective bargaining agreement. Having been refused the relief sought at step two, the plaintiff has appealed to step three. The appeal is presently pending.

■ Section 1209(a) of the Postal Reorganization Act provides:

Employee-management relations shall, to the extent not inconsistent with provisions of this title, be subject to the provisions of subchapter II of chapter 7 of title 29.

This section makes clear that the Act is intended to "bring postal labor relations within the same structure that exists for nationwide enterprises in the private sector." 2 U.S.Code Cong. and Admin.News 1970, pp. 3649, 3662.

■ It is firmly established that an employee seeking to assert a claim against his employer for breach of the collective bargaining agreement must attempt to exhaust his contractual remedies. *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 653, 85 S.Ct. 614, 616, 13 L.Ed.2d 580 (1965). The Sixth Circuit in *Malone v. United States Postal Service*, 526 F.2d 1099, 1107–1109 (6th Cir.1975) relied on the strong national policy in favor of arbitrating labor disputes and ruled that postal labor unions have a duty of fair representation which attaches to grievance proceedings.

■ This Court is of the opinion that the requirement of exhaustion of contractual remedies for grievance resolution should also be extended to postal employment disputes. The grievance process facilitates the termination of frivolous claims and a low-cost method of dispute resolution. *Malone*, at 1108 (citing *Vaca v. Sipes*, 386 U.S. 171, 191–192, 87 S.Ct. 903, 917, 17 L.Ed.2d 842 (1967). In addition, the employee, the employer and the union all have an interest in internal dispute resolution. *See Republic Steel Corp. v. Maddox*, 379 U.S. 650, 653, 85 S.Ct. 614, 616, 13 L.Ed.2d 580 (1965). If a grievance process cannot be made exclusive it would inevitably exert a disruptive influence upon both the negotiation and administration of collective bargaining agreements. *Republic Steel Corp.*, 379 U.S. at 653, 85 S.Ct. at 617. This is no less true of the postal service than of other industries. *Accord Miles v. United States Postal Service*, 561 F.2d 1348 (9th Cir.1977) (per curiam).

As is stated above, the plaintiff has pending an appeal of the decision made at step two of a four step grievance procedure. Having determined that postal employees must attempt to exhaust their contractual remedies, and that the plaintiff has not done so at this time, the plaintiff's claims are not yet ripe for judicial determination. For this reason, the defendant's motion to dismiss is granted, and the complaint is dismissed.