**In the Matter of the Arbitration between Michael LOFTON, Petitioner,**

**v.**

**The UNITED STATES POSTAL SERVICE, Respondent.**

**No. 83 Civ. 8360 (JFK).**

United States District Court,
S.D. New York.

Aug. 31, 1984.

---

Biaggi & Ehrlich by Carlos J. Cuevas, New York City, for petitioner.

Rudolph W. Giuliani, U.S. Atty., S.D.N.Y. by Jordan Stanzler, Asst. U.S. Atty., New York City, for respondent.

## OPINION

KEENAN, District Judge:

Petitioner, Michael Lofton ("Lofton") brings this action seeking vacatur of arbitration award. Jurisdiction is asserted under 9 U.S.C. § 10 and 39 U.S.C. § 1208, (Application at ¶ 3). Respondent has moved pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), for an order dismissing the action for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. For the reasons stated hereafter, respondent's motion to dismiss is granted.

## BACKGROUND

Lofton was an employee of the United States Postal Service (the "Postal Service"). He was discharged following his involvement in an altercation with another Postal Service employee. He then instituted a grievance procedure pursuant to the

governing collective bargaining agreement[1], which culminated in arbitration between the Union and the Postal Service.[2] The arbitrator determined that petitioner's dismissal was for just cause and denied the grievance.

Lofton then commenced the instant action seeking an order vacating the arbitration award and reinstating petitioner as a regular mail handler. In the alternative, Lofton seeks remand of this matter to arbitration.

## DISCUSSION

*Lofton's Standing Under the Arbitration Act*

■ Section 10 of Title 9, United States Code provides that a district court "may make an order vacating the award upon the application of any *party to the arbitration* ..." (1976) (emphasis added). The Postal Service argues that, although Lofton's discharge was the subject of the arbitration proceeding in question, Lofton was not a "party" to the arbitration within the meaning of 9 U.S.C. § 10. The Postal Service contends that the Arbitration Act does not grant remedies directly to individual employees. The Court agrees.

In *U.S. Postal Service v. American Postal Workers Union*, 564 F.Supp. 545 (S.D.N.Y.1983), the Court addressed the question of the standing of individual employees to invoke the jurisdiction of the Arbitration Act. In finding that the individual employees in question had no standing under 9 U.S.C. § 11 to seek modification of arbitration awards, Chief Judge Motley looked to the terms of the governing collective bargaining agreement. Under the governing agreement, both the Union and the individual employee could institute a grievance proceeding. However, only the Union had the right to seek arbi-

---

1. The agreement, entitled "Agreement between the United States Postal Service and National Post Office Mail Handlers, Watchmen, Messengers and Group Leaders Division of the Laborers' International Union of North America, AFL–CIO" for and dated "July 21, 1981 to July 20, 1984" is appended as an exhibit to the Application. It will be cited in this opinion as "the Agreement."

2. Under the Agreement only the Union, not the employees, may institute arbitration.

tration. The Court concluded that only the Union and the Postal Service were "part[ies] to the arbitration" within the meaning of the Arbitration Act. As in *U.S. Postal Service*, the Agreement in the instant case provides that "the grievant shall be represented at the ... Regional level by the Union's Regional representative" (Art. 15.2, Step 3(b), that only "the Union may appeal an adverse decision directly to arbitration at the Regional level, ... (Art. 15.2 Step 3(d), and that if an interpretive issue is present, "the Union representative shall be entitled to appeal an adverse decision to Step 4." Art. 15.2 Step 3(e). In sum, Lofton was not a "party" to the arbitration within the meaning of 9 U.S.C. § 10 and, therefore has no standing under the Arbitration Act to seek vacatur of the arbitrator's award.

*Lofton's Standing Under 39 U.S.C. § 1208*

■ 39 U.S.C. § 1208(b) provides for jurisdiction of the district courts over "suits for violation of *contracts* between the Postal Service and a labor organization representing Postal Service employees..." (1970) (emphasis added). None of the cases cited by respondent involved an assertion of jurisdiction pursuant to 39 U.S.C. § 1208. In *U.S. Postal Service*, Chief Judge Motley noted that petitioner had not invoked that provision and declined, therefore, to consider the ability of a Postal Service employee to challenge an arbitration award pursuant to 39 U.S.C. § 1208(b). 564 F.Supp. at 551 n. 25. As Lofton has invoked that provision, this Court must now consider whether he has standing to do so.

The language of section 1208(b) is substantially similar to that of section 301 of the Labor Management Relations Act ("LMRA"). In *Miles v. United States Postal Service*, 561 F.2d 1348 (9th Cir. 1977), the Court, noting the similarity of the two provisions and looking to cases decided under § 301 of the LMRA to determine whether the petitioner had standing under § 1208, concluded that an individual does have standing to invoke § 1208. We agree. Since the Court finds Lofton to

have standing under 39 U.S.C. § 1208, the motion to dismiss for lack of subject matter jurisdiction is denied.

*Failure to State a Claim Upon Which Relief Can Be Granted*

■ An individual employee may sue his employer under 39 U.S.C. § 1208(b). *Miles*, 561 F.2d 1348. However, an employee's right to bring such a suit is limited where a collective bargaining agreement provides for arbitration between the Union and the employer as the exclusive procedure for the resolution of disputes under the agreement. *F.W. Woolworth v. Misc. Warehousemen's Union, Local No. 781*, 629 F.2d 1204, 1208 (7th Cir.1980). In such cases, an individual employee may only sue his employer if the Union has breached its duty of fair representation. *Id.* at 1209–1210. Petitioner argues, by analogy to cases under § 301 of the LMRA, that the Union's failure to appeal the arbitration award pursuant to 9 U.S.C. § 11 constitutes a breach of its duty of fair representation. Therefore, Lofton argues he should be allowed to bring this action.

In *F.W. Woolworth*, 561 F.2d 1348, the Union brought an arbitration proceeding to reinstate three discharged employees and prevailed on the arbitration award. The employer then moved, pursuant to 9 U.S.C. § 11, to vacate the arbitration award. The district court granted the employer's motion for summary judgment vacating the arbitration award and denied the employees' motion, unopposed by the Union, to intervene. The Seventh Circuit, holding that the Union's failure to appeal the district court's decision constituted a breach of its duty of fair representation and that the employees, therefore, had standing under § 301 of the LMRA to sue on the contract, reversed the district court's denial of the employees' motion to intervene.

The critical factor in *F.W. Woolworth* was that the employees sought to uphold, rather than vacate, the arbitration award. 629 F.2d at 1211. In effect, the Court defined the Union's duty of fair representation. The duty requires a union to take meritorious disputes to arbitration and de-

fend favorable arbitration decisions in Court. The duty, however, does not require a union to move to vacate an unfavorable arbitration decision, though unions clearly have a right to do so under the Arbitration Act.

When a union fails to meet its duty, for example, by failing to defend a favorable arbitration decision, the employees step into the shoes of the Union and so, have the right to defend a favorable arbitration decision. In the instant case, however, the Union breached no duty. This, coupled with the fact that employees have no rights under the Arbitration Act, compels denial of petitioner's motion to vacate.

SO ORDERED.