**AMERICAN POSTAL WORKERS UNION OF LOS ANGELES, AFL–CIO, Plaintiff–Appellant,**

v.

**UNITED STATES POSTAL SERVICE, Defendant–Appellee.**

No. 86–6081.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 5, 1987.

Decided Nov. 4, 1988.

**212**

Before BROWNING, TANG and REINHARDT, Circuit Judges.

PER CURIAM:

The American Postal Workers Union of Los Angeles (Local Union) appeals the district court's dismissal for lack of standing of its action to vacate an arbitration award on the ground that the arbitrator should have granted its request for a continuance. The Local Union contends that there are factual disputes and legal errors in the district court's decision which require reversal of its standing decision. The United States Postal Service (USPS) argues there was no error but that dismissal of the complaint could also be upheld on the alternative ground that the arbitrator's award should be enforced. We reverse and remand.

## BACKGROUND

Raul D. Smith, a motor vehicle operator at the Los Angeles Post Office, was discharged for allegedly operating a postal vehicle without a valid driver's license. The Local filed a grievance on Smith's behalf in accordance with the grievance-arbitration provisions of the National Agreement, asserting the USPS lacked just cause for discharging Smith. After USPS management denied the grievance at the first three steps of the grievance procedure, the Local Union's authorized Western Regional Representative, Raydell Moore, certified the grievance for arbitration.

An arbitrator scheduled a hearing for July 15, 1985, but the Local Union claims not to have received notice of the hearing. On the day of the hearing Jose Nunez, President of the Local, came to the hearing in response to a telephone call to explain that the Local had been unaware of the scheduled hearing and was unprepared to proceed. Nunez asked for a continuance. The arbitrator determined that notice had been sent to the Local and denied the request for a continuance. Nunez left the hearing and the arbitrator took evidence only from the USPS. The arbitrator of-

Robert D. Vogel, Wohlner, Kaplon, Phillips, Vogel, Shelley & Young, Los Angeles, Cal., for plaintiff-appellant.

Kevin B. Rachel, Office of Labor Law, U.S. Postal Service, Washington, D.C., for defendant-appellee.

fered the Local an opportunity to submit arguments within two weeks but it did not do so. On August 20, 1985, the arbitrator issued his award sustaining the discharge.

On November 21, 1985 the Local filed its complaint in district court, seeking to vacate the award on the ground the arbitrator should have granted the continuance. The USPS moved for dismissal or summary judgment on the grounds that the Local Union did not have standing to challenge the arbitration award and that the award was entitled to judicial deference even if the Local did have standing. The district court determined the Local did not have standing because it did not have written authorization from the National President and dismissed the action. The Local Union timely appeals.

## ANALYSIS

### I. Standard of Review

■ Standing is a question of law reviewed *de novo. Bruce v. United States,* 759 F.2d 755, 758 (9th Cir.1985).

The Local argues that the district court's order should be construed as a grant of summary judgment because the court relied on documents beyond the pleadings. If it is so construed, the Local argues that the grant of summary judgment should be reversed because there are material facts in dispute. The district court based its decision solely on its interpretation of the collective bargaining agreement, which was attached to the Local's complaint. The Local is not contesting facts relative to the standing question, but the interpretation of the agreement. As for the facts supporting the Local's arguments that it had implied or actual authority to contest the arbitration award, the facts are not in dispute; the district court merely held them to be legally insufficient.

■ The district court properly considered the preliminary question of standing as a limitation on its jurisdiction. Even though it had to consider affidavits beyond the pleadings, such a review does not convert the preliminary hearing on standing into a summary judgment procedure. *See*

*e.g., Doherty v. Rutgers School of Law–Newark,* 651 F.2d 893, 898 n. 6 (3d Cir. 1981) (Since plaintiff failed to adduce, by affidavit or otherwise, any evidence to support a conclusory allegation that would have established standing, a dismissal for lack of standing was proper.). This is the preferred disposition of a standing question because "[t]he plaintiff's obligation to establish standing should not be passed to the defendant by the simple device of waiting for a summary judgment motion." 13A C. Wright, A. Miller, and E. Cooper, *Federal Practice and Procedure: Jurisdiction* 2d § 3531.15, at 99 (1984).

The issue before this court is whether the district court erred in deciding the Local Union lacked standing as a matter of law.

### II. Standing

■ For the sake of clarity we note at the outset that the argument over "standing" in this case has little to do with the constitutional doctrine of standing developed under article III of the United States Constitution. Even if the Local Union is not a party to the collective bargaining agreement, it did represent the Local's interests in the arbitration and stands to lose or gain from our decision, thus it has a sufficient stake in the outcome to have article III standing. *See American Postal Workers Union v. USPS,* 823 F.2d 466, 477 (11th Cir.1987); *American Postal Workers Union v. USPS,* 595 F.Supp. 403, 413 (D.Conn.1984) (Objection to standing without merit because "the main requirement for standing under Article III is 'injury in fact,' *Duke Power Co. v. Carolina Environmental Study Group,* 438 U.S. 59, 98 S.Ct. 2620, 57 L.Ed.2d 595 (1978), and there is no question that the union may assert its members' rights, *NAACP v. Alabama,* 357 U.S. 449, 78 S.Ct. 1163, 2 L.Ed.2d 1488 (1958)"), *rev'd on other grounds,* 766 F.2d 715 (2d Cir.1985), *cert. denied,* 475 U.S. 1046, 106 S.Ct. 1262, 89 L.Ed.2d 572 (1986). As the Eleventh Circuit has explained, the Postal Service actually contends not that the Local Union lacks constitutional standing but contractual authorization to bring

suit, which is akin to the capacity to sue. *Postal Workers,* 823 F.2d at 477.

There are several possible sources of the Local Union's claimed authority to seek to vacate the arbitration award in this case. The district court considered only the terms of the collective bargaining agreement to reach its conclusion that the Local must have written authorization from the National Union and that such authorization was lacking here.

The district court held that oral authorization conveyed in a telephone conversation between the Local's counsel and the National Union's counsel, unsupported by any written authority in the constitution or by-laws, was legally insufficient to confer standing on the Local Union, relying on *Pittsburgh Metro Area Postal Workers Union v. United States Postal Service,* 463 F.Supp. 54 (W.D.Pa.1978), *aff'd,* 609 F.2d 503 (3d Cir.1979) (mem.), *cert. denied,* 445 U.S. 950, 100 S.Ct. 1598, 63 L.Ed.2d 785 (1980). *Pittsburgh Metro* held that Metro lacked the right to enforce contract provisions without the permission of the national organization and that it had made no showing of a special grant, "i.e. pursuant to the national union's constitution or by-laws." 463 F.Supp. at 57.

The district court held in this case that the oral permission could not be viewed as a special grant without some showing of written authorization for such a procedure in the constitution or by-laws. Because the Local did not provide the court with a copy of the Union's constitution or by-laws, the district court assessed the need for written authorization to seek judicial review of an arbitration award by reviewing the collective bargaining agreement, Art. 15.4A(2), which states:

> No grievance may be arbitrated at the National level except when timely notice of appeal is given the Employer in writing by the National President of the Union involved. No grievance may be appealed to arbitration at the Regional level except when timely notice of appeal is given in writing to the appropriate Re-

gional official of the Employer by the certified representative of the Union in the particular Region. Such representative shall be certified to appeal grievances by the National President of the Union to the Employer at the National level.

■ The district court read this passage to say that "in order for a local union to have standing to arbitrate, it would have to have written authorization from the national president of the union." We disagree. This language does not require the National President to authorize arbitration at the regional level, only at the national level. The provision also says nothing about certification of authority being in writing; the required written notices are to the *employer,* not to the union representatives. Even if the authorization to appeal grievances to arbitration were required to be in writing, we see no compelling reason to agree with the district court that "in order to seek judicial review of an arbitration award, consistency would require written authorization from the national president of the union, unless the constitution or by-laws provide otherwise." *See Postal Workers,* 823 F.2d at 477 (the collective bargaining agreement restricts the right of locals to take claims to arbitration, not the right to contest arbitration or seek enforcement in court).

The district court noted that a local union's standing could only derive from proper authorization from the national union because it is the national union which is a party to the collective bargaining agreement with the employer "and the standing to pursue arbitration and judicial review thereof derives from being a party to the collective bargaining agreement." The Local Union does not deny the need for authorization, it merely argues that it has actual authority and that its authority does not have to be expressed in writing by the National President.

The Local also argues that it had implied authority to seek to vacate the award as a party to the arbitration proceedings.[1] The

---

1. The USPS insists that only the National Union and the USPS are parties to the arbitration and

statutory authority to bring suit under the Postal Reorganization Act (PRA), 39 U.S.C. § 1208(b), is analogous to the authority to sue under the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a). *Miles v. USPS*, 561 F.2d 1348 (9th Cir. 1977); *National Post Office Mail Handlers Local No. 305 v. USPS*, 594 F.2d 988, 991 (4th Cir.1979). The language of the PRA, 39 U.S.C. § 1208(b), tracks that of the LMRA, 29 U.S.C. § 185(a), *Miles*, 561 F.2d at 1349, and interpretations of the LMRA are helpful in construing the PRA, *Mail Handlers Local No. 305*, 594 F.2d at 991. In an LMRA suit challenging an arbitration award we assumed that the Arbitration Act, 9 U.S.C. §§ 1-14, is part of the substantive federal law courts must fashion from national labor laws and policy to govern suits under section 301(a) of the LMRA, 29 U.S.C. § 185(a).[2] *Local 13, International Longshoremen's and Warehousemen's Union v. Pacific Maritime Association*, 441 F.2d 1061, 1064 (9th Cir. 1971), *cert. denied*, 404 U.S. 1016, 92 S.Ct. 677, 30 L.Ed.2d 664 (1972). The Arbitration Act provides that any party to an arbitration may seek to have it vacated in federal court. 9 U.S.C. § 10. The question is whether the Local was a party to the arbitration. The USPS insists that in this case, the parties to the arbitration as defined by the collective bargaining agreement are the National Union and the USPS. The Local Union argues that it was a party to the arbitration as an agent of the National Union. In *Local 13* we concluded that the contract between the Pacific Maritime Association and the International Longshoremen's and Warehousemen's Union identified only the International union, not the local union as a party to the agreement. 441 F.2d at 1064. The local union represented the employees' grievance during the first three steps of the grievance procedure and we decided that Local 13 "must be regarded as having acted as the International's agent in the first stages of the proceeding." *Id.* Because Local 13 did not represent the employees during the final two steps of the arbitration process, we concluded that "Local 13 was not a party to the final two steps, either formally or in fact." *Id.* at 1065. We then held that "Local 13 was not a 'party' to the arbitration and may not challenge the award on the grounds available on direct review under the Federal Arbitration Act, assuming the latter statute applies to a section 301(a) suit." *Id.*

In the present case it is similarly clear that the parties to the collective bargaining agreement are the USPS and the National Union. But in this case it is also clear that the Local Union was a party to the arbitration procedure. The arbitrator's award lists the Local Union's President, Jose A. Nunez, as having made an appearance for the Los Angeles American Postal Workers Union. *See Postal Workers*, 823 F.2d at 477 (where arbitrator's awards are directed

---

that neither an individual employee nor a local union may seek to vacate an award. However, this circuit has said that individuals have a right to sue for breach of contract under the Postal Reorganization Act, 39 U.S.C. § 1208(b) despite the language of the statute, which limits the statutory right to labor organizations. *Miles v. USPS*, 561 F.2d 1348 (9th Cir.1977). In this case we must decide whether local unions have such a right.

**2.** Neither the Supreme Court nor this court has ever expressly held the Federal Arbitration Act applicable to arbitration of labor disputes. *Textile Workers v. Lincoln Mills Local 1020*, 353 U.S. 448, 456, 77 S.Ct. 912, 918, 1 L.Ed.2d 972 (1957); *Dogherra v. Safeway Stores, Inc.*, 679 F.2d 1293, 1297 (9th Cir.), *cert. denied*, 459 U.S. 990, 103 S.Ct. 346, 74 L.Ed.2d 386 (1982); *United Brotherhood of Carpenters v. FMC Corp.*, 658 F.2d 1285, 1289-90 (9th Cir.1981). The Arbitration

Act is not a jurisdictional basis for a suit to vacate or enforce compliance with an arbitration award. *Kemner v. District Council of Painting and Allied Trades No. 36*, 768 F.2d 1115, 1118 n. 1 (9th Cir.1985). The Arbitration Act specifically excludes from its coverage "contracts of employment of ... any class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1; *Kemner*, 768 F.2d at 1118 n. 1. This court has previously indicated that "this language suggests that Congress did not mean the USAA to be used to review arbitration awards involving collective bargaining agreements." *San Diego County Dist. Council v. Cory*, 685 F.2d 1137, 1141 (9th Cir.1982). Nevertheless, we believe cases discussing who is a party to arbitration for purposes of the Arbitration Act are instructive in our analysis of whether the local Union was a party to arbitration in this case.

to the locals and the same union representatives prosecuted the arbitration as conducted the lawsuit in district court, it is not clear that the National Union is the entity that was a party to the arbitration awards).

The Local Union also argues that it had the implied authority to seek to vacate the award because the duty of fair representation necessarily creates authority to seek judicial review of arbitration awards. *See NLRB v. International Longshoremen's & Warehousemen's Union,* 514 F.2d 481, 483 (9th Cir.1975)(it is established that local union members of a Joint Port Labor Relations Committee act as agents of the ILWU, *Local 13,* 441 F.2d 1061 (9th Cir. 1971), and thus the ILWU in the instant action is liable for violations of the NLRA committed by the Local 27 union members of the Committee). This court has said that procedural questions growing out of a dispute submitted to arbitration are initially for the arbitrator to decide, and that where standing to proceed to arbitration is not challenged, because of the "clear duty to continue to represent ... employees in the grievance arbitration" a union cannot be asserted to lack standing "as a 'party to the arbitration' entitled to seek confirmation of the arbitration award in district court." *United Steelworkers v. Smoke–Craft, Inc.,* 652 F.2d 1356, 1361 (9th Cir. 1981) (Steelworkers "had the necessary standing in the district court to secure confirmation of the arbitral award" because the union was a party to the arbitration. *Id.*), *cert. denied,* 455 U.S. 1021, 102 S.Ct. 1718, 72 L.Ed.2d 139 (1982). *See also Postal Workers,* 823 F.2d at 477.

Finally, the Local Union argues that even if there were any doubt about its standing to pursue this action, the objection was waived by the failure of USPS to raise the question before the arbitrator. *Smoke–Craft,* 652 F.2d at 1360–61. *See also Postal Workers,* 823 F.2d at 477 (USPS should not simultaneously claim the benefits of the arbitration award while asserting the other party to the arbitration lacks standing to challenge it; if there were any challenge to the authorization, it should have been brought up to the arbitrator).

■ Despite persuasive arguments for simply concluding that the Local Union has the authority to seek judicial review of an arbitral award, we believe that there is no need to resolve the complex questions raised in this proceeding. In this matter we believe justice can be served by the expedient of remanding the case to the district court with instructions to permit the Local Union to amend its complaint in accordance with Fed.R.Civ.P. 15(c) and 17(a) and name the National Union as a party. *See Abernathy v. USPS,* 740 F.2d 612, 618 n. 6 (8th Cir.1984).

### III. Deferral to the Arbitration Award

Although USPS urges this court to affirm the dismissal of the complaint on the alternative ground that the arbitration decision is entitled to judicial deference, such a decision is not possible given the state of the record. Despite assertions that there are no material facts in dispute, it is clear that the parties do not agree about the events leading up to the arbitration hearing.

Specifically, the Local claims that it received no notice of the hearing and USPS claims that the Local has admitted receiving notice of the hearing. The point is central because both agree that under applicable standards for arbitrators, conducting an *ex parte* hearing of which one party had no notice, and unreasonably refusing to grant a continuance, may be grounds for vacating an award. 9 U.S.C. § 10(c); Code of Professional Responsibility for Arbitrators of Labor–Management Disputes; American Arbitration Association Rule 27.

The judgment of the district court is REVERSED and the case is REMANDED for further proceedings.