NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 7 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAO-MSO RECOVERY II, LLC, a Delaware entity; MSP RECOVERY CLAIMS SERIES LLC, a Delaware entity; MSPA CLAIMS 1, LLC, a Florida entity, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> MERCURY GENERAL, a California company, its subsidiaries and affiliates, <br><br> Defendant-Appellee. | No. 21-56395 <br><br> D.C. No. 2:17-cv-02525-AB-AFM <br><br> MEMORANDUM* |
| MAO-MSO RECOVERY II, LLC, a Delaware entity; MSP RECOVERY CLAIMS SERIES LLC, a Delaware entity; MSPA CLAIMS 1, LLC, a Florida entity, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> MERCURY GENERAL, a California company, its subsidiaries and affiliates, <br><br> Defendant-Appellee. | No. 21-56396 <br><br> D.C. No. 2:17-cv-02557-AB-AFM |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Argued and Submitted December 9, 2022
Pasadena, California

Before:  BERZON, R. NELSON, and BADE, Circuit Judges.
Partial Dissent by Judge BERZON.

In these consolidated appeals, Appellants MAO-MSO Recovery II, LLC; MSP Recovery Claims Series LLC; and MSPA Claims 1, LLC (collectively "Appellants") appeal the district court's dismissal of their claims against Appellee Mercury General ("Mercury") for lack of standing and its denial of Appellants' request for leave to amend the operative complaints.[1]  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Because "standing is an essential and unchanging part of the case-or-controversy requirement of Article III," federal courts cannot exercise jurisdiction over parties that lack standing.  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).  "The party invoking federal jurisdiction bears the burden of establishing" standing at each stage in legal proceedings.  *Id.* at 561.  This requires a plaintiff to show, among other things, that it "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or

---

[1] We previously consolidated these appeals for argument, and now we consolidate them for disposition.

imminent, not conjectural or hypothetical." *Id.* at 560 (citations and internal quotation marks omitted).

1.    Appellants first contend the district court erred procedurally by not requiring Mercury to move for summary judgment on the issue of standing consistent with Federal Rule of Civil Procedure 56. But this court has long held that a summary judgment motion is an inappropriate vehicle for challenging a plaintiff's standing "because '[t]he plaintiff's obligation to establish standing should not be passed to the defendant by the simple device of waiting for a summary judgment motion.'" *Am. Postal Workers Union v. U.S. Postal Serv.*, 861 F.2d 211, 213 (9th Cir. 1988); *see also* 10A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2713 (4th ed. 2022) (explaining that the "general rule" in the federal system "is that it is improper for a district court to enter judgment under Rule 56 for defendant because of a lack of jurisdiction"). Appellants' procedural arguments are thus foreclosed by precedent and practice.

2.    Appellants also contend the district court erred on the merits by declining to find standing for Appellants to bring claims related to (1) an individual named J.R., (2) an individual named D.M., and (3) unpled "data matching exemplar" plaintiffs, whose relevant allegations were not part of either of the operative complaints.

(a)     Appellants first contend the district court erred in concluding Appellants lacked standing to bring the claim related to J.R. because neither the ultimate holder of J.R.'s recovery rights nor the holder's "parent" LLC were named plaintiffs.  Appellants admit these parties are not identified as plaintiffs in either of the operative complaints, but they contend that naming the wrong plaintiff was a "ministerial or technical defect" they should be permitted to correct by amending the complaint.  But even if we accepted Appellants' characterization of their pleading errors, the fact remains that after years of litigation and multiple amendments, Appellants' operative complaints continued to assert allegations for an entity that is not a party to the litigation and that is not alleged to have suffered any harm.  Given the procedural posture and age of this case, the district court did not err in exercising its considerable discretion to deny Appellants' request for leave, *see Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2022), and in dismissing the J.R. claim for lack of standing.

(b)     Appellants next argue the district court erred in dismissing the claims related to D.M. because the evidence demonstrated they had received the rights of recovery to this claim from a contract with Trinity Physicians, LLC.  But the record demonstrates that, prior to entering into this agreement with Appellants, Trinity had already assigned those rights to another entity, Freedom Health Care.  Appellants' contentions that this result is "mind-boggling," are based on extrinsic

4

evidence and thus are irrelevant because the contract's unambiguous text controls. *See, e.g.*, *Trident Ctr. v. Conn. Gen. Life Ins. Co.*, 847 F.2d 564, 568 (9th Cir. 1988) ("Under traditional contract principles, extrinsic evidence is inadmissible to interpret, vary or add to the terms of an unambiguous integrated written instrument.").

Their argument that the assignment of rights pertains to the merits rather than standing is similarly unpersuasive: whether Appellants had the legal right to seek reimbursement for payments allegedly made for the J.R. and D.M. claims relates directly to whether Appellants have a sufficient "legally protected interest" in bringing suit, a quintessential standing question. *See Lujan*, 504 U.S. at 560–61; *see also Flast v. Cohen*, 392 U.S. 83, 99–100 (1968) (explaining that "when standing is placed in issue in a case, the question is whether the person whose standing is challenged is a proper party to request an adjudication of a particular issue"). And Appellants' contention that Trinity did not contractually assign to Freedom its statutory rights of recovery is contradicted by the unambiguous text of the agreement between Trinity and Freedom. Moreover, their argument is logically unsound: if Trinity were unable to assign statutory remedies to Freedom by contract (as Appellants claim), it is unclear how Trinity would nevertheless be

able to assign those same statutory remedies to Appellants by contract.[2]

(c)    Finally, Appellants contend the district court erred by dismissing the complaints for lack of standing when there were numerous unpled "data matching exemplars" that purportedly established Appellants' standing.  Appellants' contention that they can rely on unpled injuries to establish standing over a case involving entirely unrelated injuries is foreclosed by well-established case law.  Standing "is not dispensed in gross"; instead, "a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008) (internal quotation marks and citations omitted).  And dismissal of a complaint *on the merits* is proper when the plaintiff alleges only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  As Appellants concede that none of the operative facts related to the "data matching exemplars" are pled in the operative complaints, they plainly fail to establish these claims can support federal jurisdiction.

---

[2] Appellants further contend they have standing to pursue the D.M. claims because those claims were assigned to an unnamed "subsidiary series" LLC and parent LLCs have standing to bring suit on behalf of their subsidiary series LLCs. We have yet to determine whether a parent LLC has standing to bring suit on behalf of a subsidiary series LLC, and we need not do so here as Appellants failed to provide evidence demonstrating the series LLCs granted such authority to their parent in the relevant operating agreement.  *Cf. MSP Recovery Claims, Series LLC v. ACE Am. Ins. Co.*, 974 F.3d 1305, 1319–20 (11th Cir. 2020).

Accordingly, the district court did not err in its consideration of the merits of Appellants' standing, and it properly dismissed the complaints for lack of jurisdiction.

3.      Finally, Appellants contend the district court abused its discretion in denying their request for leave to file third amended complaints. District courts have broad discretion in denying subsequent requests for leave to amend where, as here, previous requests were granted. *See Chodos*, 292 F.3d at 1003. Appellants' contentions that leave to amend should be freely given to cure standing defects relies on an overly solicitous reading of *Northstar Financial Advisors Inc. v. Schwab Investments,* 779 F.3d 1036 (9th Cir. 2015), and characterizing their substantive amendments—including adding and removing allegations and even parties—as merely implicating standing concerns. Their assertion that they did not unduly delay in seeking amendment given prior instructions from the district court misreads the record and fails to explain why Appellants waited more than a month after the dismissal order before seeking leave to amend their complaints. And the argument that the proposed amendment is not prejudicial to Mercury because it is the dismissal, not leave to amend, that would "essentially [require Mercury] to restart the entire litigation and defend itself based on a new set of operative facts," ignores that these inefficiencies are the result of Appellants' own scattershot litigation strategy—a strategy, it should be noted, that has resulted in dismissals for

7

lack of standing in district courts across the country. *See, e.g.*, *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 869, 872 (7th Cir. 2021); *MSP Recovery Claims, Series LLC v. AIG Prop. Cas., Inc.*, No. 20-CV-2102, 2021 WL 1164091, at *15–16 (S.D.N.Y. Mar. 26, 2021); *MSP Recovery Claims, Series LLC v. Tech. Ins. Co., Inc.*, No. 18 CIV 8036, 2020 WL 91540, at *5 (S.D.N.Y. Jan. 8, 2020); *MSP Recovery Claims, Series LLC v. USAA Gen. Indem. Co.*, No. 18-21626, 2018 WL 5112998, at *13 (S.D. Fla. Oct. 19, 2018). For these reasons, we conclude the district court did not abuse its discretion in denying Appellants' leave to amend the operative complaints.

**AFFIRMED.**

MAO-MSO Recovery v. Mercury General
Nos. 21-56395, 56396

BERZON, Circuit Judge, dissenting in part:

I agree that Appellants lack standing on the basis of the current complaints. But I would hold that denying leave to amend was an abuse of discretion.

First, I would hold that Appellants did not unduly delay in seeking leave to amend. There was no deadline in the scheduling order for the filing of amended complaints. The district court stated that it did not want to consider the possibility of any motions for leave to amend the complaints at least until the class certification hearing, which was held in May 2021. In their supplemental briefs on standing filed June 2021, Appellants concluded by stating that, if their arguments were rejected, any standing defects should be cured through a supplemental or amended pleading under Fed. R. Civ. P. 15(d).

This Court does not require formal motions for leave to amend. *United States v. $11,500.00 in U.S. Currency*, 710 F.3d 1006, 1013 (9th Cir. 2013); *Edwards v. Occidental Chem. Corp.*, 892 F.2d 1442, 1445 n.2 (9th Cir. 1990). Appellants provided sufficient notice of their desire for leave to amend to the district court and to Mercury at least as early as June 2021, when the standing brief was filed.

Second, permitting the proposed amendments would not be significantly prejudicial to Mercury, in light of the district court's dismissal of the complaints

1

without prejudice. In dismissing without prejudice, the district court has permitted Appellants to restart litigation against Mercury through the filing of new complaints that could include the proposed amendments. Allowing Appellants instead to amend the current complaints would improve judicial efficiency and minimize the burden on all parties by permitting the parties to build upon the discovery and motions practice that have already occurred in these cases. The majority asserts that any "inefficiencies" resulting from new litigation "are the result of Appellants' own scattershot litigation strategy." Mem. Disp. at 7–8. While Appellants have certainly struggled to sufficiently plead facts to establish standing, those failings are not relevant to assessing the prejudice to Mercury caused by a third amended complaint, as compared to an entirely new suit.

Moreover, the nature of the amendments Appellants seek to make are not seriously "substantive," as the majority suggests. Mem. Disp. at 7. At the hearing on standing held July 2021, Appellants read into the record contractual language indicating that the parent corporation had authority to sue on behalf of the series LLCs, thus showing that the complaints could readily be amended to cure that problem. Nor do the facts pertaining to additional beneficiaries constitute new "claims," as the claims alleged were on behalf of the Medicare Advantage Organizations, not individual beneficiaries. So, adding new "exemplars" would not be adding new claims. Finally, although technically new parties, the proper

corporate entities that would be added are closely related to the named parties, not some entirely new third parties.

Appellants were certainly sloppy. And their mode of filing complaints before ascertaining the possibly meritorious claims assigned is not to be encouraged, and in some instances will appropriately lead to dismissal for lack of standing. Here, however, enough of the errors appear to be easily curable that amendment should have been allowed in lieu of dismissing the cases without prejudice. Halting litigation on account of misnamed entities or failure to quote from governing documents that actually exist is inefficient and pointless, in my view.

For the foregoing reasons, I would hold that the district court abused its discretion in denying Appellants leave to amend the operative complaints.