**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**April 24, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

DOMINIC POLETTO,

　　Plaintiff - Appellant

v.

TONY BATTAGLINO; NATIONAL
ASSOCIATION OF LETTER CARRIERS
BRANCH 47,

　　Defendants - Appellees.

No. 23-1256
(D.C. No. 1:22-CV-00987-NYW-SKC)
(D. Colo.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **MATHESON**, **EID**, and **CARSON**, Circuit Judges.

_____

Dominic Poletto appeals the district court's judgment dismissing his claims as

untimely.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

## I. BACKGROUND

Mr. Poletto was an employee of the United States Postal Service ("Postal Service") in Colorado. In June 2020, the Postal Service notified him that it was going to terminate his employment for unacceptable conduct. He filed a grievance challenging the termination. At the second step of the grievance procedure, known as "Step B," a Dispute Resolution Team consisting of a Postal Service representative and a representative of Mr. Poletto's union, the National Association of Letter Carriers Branch 47 ("Union"), considered the grievance. On September 9, 2020, the Step B team agreed that the Postal Service had just cause to terminate Mr. Poletto's employment.

In April 2022, Mr. Poletto filed this action against the Union and the Union's Step B representative, Anthony Battaglino. Mr. Poletto asserted three claims, alleging the Union breached its "Duty of Fair Representation," "Duty through Arbitrary Conduct, and acting in Bad Faith," and "Duty in the handling of the Grievance Procedure." ROA, Vol. 1 at 19. He listed § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, as the statute giving rise to federal-question jurisdiction under 28 U.S.C. § 1331. In his civil cover sheet, he described his cause of action as "Breach of Contract" and listed, as a related case, a charge he had filed with the National Labor Relations Board ("NLRB"). ROA, Vol. 1 at 24. In May 2022, he filed the operative amended complaint asserting the same three claims and again referring to LMRA § 301. He also filed a civil cover

sheet again describing his cause of action as breach of contract. He sought damages and reinstatement.

Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing the claims were barred by a six-month statute of limitations described in *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 154–55 (1983), and related cases.[1] In response, Mr. Poletto admitted he had learned about the Step B decision on September 14, 2020, and had obtained a copy of the written Step B decision on September 16, 2020. But he argued there was good cause for his 19-month delay in filing this action, including (1) his attempts to obtain counsel in late 2020; (2) his confusion about administrative appeals processes and the parties' related obligations; (3) the charge he filed with the NLRB in December 2020, the denial of which he learned of in June 2021; and (4) his realization in February 2022 that he could file a federal lawsuit. He also mentioned his case was "in accordance with the statute of limitations for civil suits regarding Breach of Contract Claims for the State of Colorado." ROA, Vol. 2 at 101.

A magistrate judge recommended granting the motion to dismiss based on the six-month statute of limitations. Mr. Poletto filed a timely objection, acknowledging that a six-month limitations period applies to claims involving a breach of the duty of fair representation but suggesting that his third claim, regarding defendants' handling

---

[1] Defendants also argued that Mr. Battaglino was immune from suit. The district court never reached this issue, and neither do we.

of his grievance, should be construed as a claim for breach of contract. He also reiterated some of his tolling arguments.

The district court concluded Mr. Poletto's claims accrued when he filed his NLRB charge in December 2020. It observed that no party had objected to the magistrate judge's recommendation that the first two claims asserting a violation of the duty of fair representation should be dismissed for failure to file them within the six-month limitations period. Finding no error in that portion of the recommendation, the court adopted it.

Next, the district court liberally construed Mr. Poletto's objection and other filings as sufficiently presenting an argument that his third claim should be treated as one for breach of contract and timely filed under Colorado's three-year statute of limitations for contract actions, Colo. Rev. Stat. § 13-80-101(1)(a). But the court identified a threshold problem with such a claim—because the Postal Service is not an "employer" within the meaning of the LMRA, Mr. Poletto could not bring a claim under the LMRA asserting a violation of a contract involving the Postal Service. The court addressed that problem by observing that a provision of the Postal Reorganization Act of 1970 ("PRA"), 39 U.S.C. § 1208(b), "is the 'analogue' of § 301 of the LMRA'" and affords Postal Service employees relief similar to that available to employees working under collective bargaining agreements for private employers. ROA, Vol. 3 at 92 (quoting *Nat'l Ass'n of Letter Carriers v. USPS*,

4

590 F.2d 1171, 1174 (D.C. Cir. 1978)).[2]  The court explained that the PRA "'creates

a statutory right to sue for breach of contract that may be maintained by individual

Postal Service employees, as well as the labor organizations representing union

employees.'"  *Id.* (quoting *Miles v. USPS*, 561 F.2d 1348, 1350 (9th Cir. 1977)).

Having established the PRA could provide Mr. Poletto with a cause of action

for breach of contract, the district court observed that because the PRA lacks an

express statute of limitations, the court had to "'borrow' the most suitable statute or

other rule of timeliness from some other source," *id.* (quoting *DelCostello*, 462 U.S.

at 158).  The most suitable rule, the court determined, was not found in a state statute

of limitations but in the National Labor Relations Act ("NLRA"), which provides a

six-month limitations period.[3]  The district court first explained the conceptual

framework for applying the NLRA's limitations period:

---

[2] Section 301(a) of the LMRA provides:
> Suits for violation of contracts between an employer and a
> labor organization representing employees in an industry
> affecting commerce as defined in this chapter, or between any
> such labor organizations, may be brought in any district court
> of the United States having jurisdiction of the parties, without
> respect to the amount in controversy or without regard to the
> citizenship of the parties.

29 U.S.C. § 185(a).  Similarly, the PRA states:  "Suits for violation of contracts between
the Postal Service and a labor organization representing Postal Service employees, or
between any such labor organizations, may be brought in any district court of the United
States having jurisdiction of the parties, without respect to the amount in controversy."
39 U.S.C. § 1208(b).

[3] The NLRA limitations period is set out in 29 U.S.C. § 160(b).  In relevant part, it
provides:  "[N]o complaint shall issue based upon any unfair labor practice occurring

In *DelCostello*, the Supreme Court held that "hybrid" LMRA claims—wherein an employee simultaneously sues an employer for a breach of a collective bargaining agreement and a labor union for a breach of the duty of fair representation—are subject to the six-month statute of limitations set out in the NLRA. The Supreme Court concluded that the NLRA's statute of limitations would be more appropriate to apply to a hybrid LMRA claim than a state statute of limitations because the NLRA's statute of limitations was "actually designed to accommodate a balance of interests very similar to" those at stake under the LMRA. *DelCostello*, 462 U.S. at 169, 172. Following *DelCostello*, a number of courts have concluded that "hybrid" PRA claims are similarly subject to the NLRA's six-month statute of limitations. *See, e.g.*, *Trent v. Bolger*, 837 F.2d 657, 659 (4th Cir. 1988); *Holmes* [*v. DeJoy*, No. 21 C 2504], 2021 WL 4523183, at *3 [(N.D. Ill. Oct. 4, 2021) (unpublished)]; *Johnson v. USPS*, No. 16-13947, 2017 WL 3977848, at *5–6 (E.D. Mich. Sept. 11, 2017) [(unpublished)].

ROA, Vol. 3 at 93 (brackets omitted). The district court then explained why the

substance of the third claim warranted application of the NLRA's six-month statute of

limitations:

> Mr. Poletto's third claim is not a clear-cut "hybrid" claim because it alleges a breach of the collective bargaining agreement against his *union*, rather than his former employer. Nevertheless, the Court concludes that his claim, to the extent it is viable, is also subject to the NLRA's six-month statute of limitations. Although Mr. Poletto attempts to frame Claim Three as a breach of contract claim, it is, in essence, an assertion that the Union breached its duty of fair representation. Claim Three alleges that the "Union *Breached Its Duty* in the handling of the Grievance Process." Doc. 5 at 8 (emphasis added). Claim Three does not mention the collective bargaining agreement or allege that any specific provision of the contract was breached by the Union. *See id.*[] Nor does the Amended Complaint attach the collective bargaining agreement or reference any provision in the collective bargaining agreement allegedly creating an obligation on the part

---

more than six months prior to the filing of the charge with the [NLRB] and the service of a copy thereof upon the person against whom such charge is made."

of the Union that is enforceable by an employee.[4]  *See id.*; *see also United Steelworkers of Am. v. Rawson*, 495 U.S. 362, 374 (1990) (explaining that while a union member may sue his union for breach of a collective bargaining agreement, the union member "must be able to point to language in the collective-bargaining agreement specifically indicating an intent to create obligations enforceable against the union by the individual employees.").

> "It is no great leap of logic to find that to the extent plaintiff asserts the [. . . Union] breached the [collective bargaining agreement] by breaching [its] duty of fair representation, that claim is analogous to the hybrid/fair representation claim in *DelCostello* and impacts the labor management relationship in the same manner." *Socha v. Nat'l Ass'n of Letter Carriers Branch No. 57 (Merged)*, 883 F. Supp. 790, 804 (D.R.I. 1995) (finding that a breach of contract claim asserted by an employee against the union was subject to the NLRA's six-month statute of limitations).  "[D]uty of fair representation claims bear a 'family resemblance' to unfair labor practice claims which also allege arbitrary [or] unfair treatment, and they implicate a national interest in the collective-bargaining system because they determine a union's obligations vis-à-vis its employees and the employer." *Spencer v. Loc. 26*, 941 F. Supp. 2d 193, 196 (D. Mass. 2013) (quoting *George v. Loc. Union No. 639, Int'l Bhd. of Teamsters*, 100 F.3d 1008, 1012 (D.C. Cir. 1996)).  It would make little sense to permit an employee a six-month timeframe to bring a claim asserting a violation of the duty of fair representation but to also permit the employee a much more significant timeframe—three years, in Colorado —to bring the same claim so long as the employee couches the claim as alleging a breach of the collective bargaining agreement.  The substance of Claim Three demonstrates that the NLRA's six-month statute of limitations should apply to this claim.  *Witt* [*v. Roadway Exp.*], 136 F.3d [1424,] 1430 [(10th Cir. 1998)].

---

[4] The district court acknowledged that Mr. Poletto attached two documents to his objections to the magistrate judge's recommendation that the court presumed were collective bargaining agreements between the parties.  *See* ROA, Vol. 3 at 90.  The court determined it was improper to consider those agreements "at this late stage of the proceedings."  *Id.* at 94 n.8.  Nonetheless, the district court rejected Mr. Poletto's reliance on a provision he had highlighted (that the Step B team can remand a grievance to the Step A level for further factual development, if necessary) because a breach of that provision would give rise only "to a breach of the duty of fair representation," and not "a breach of contract claim."  *Id.*

*ROA*, Vol. 3 at 93–95 (brackets omitted except in quotes from *Socha* and *Spencer*) (ellipsis and footnote omitted). Based on this analysis the district court concluded that claim three was untimely filed.

Having determined that Mr. Poletto filed all three of his claims more than six months after his December 2020 NLRB charge, the district court overruled Mr. Poletto's objections, adopted the magistrate judge's recommendation, granted defendants' motion to dismiss, and dismissed the claims with prejudice.

## II.  STANDARD OF REVIEW

We review de novo a district court's order granting a Rule 12(b)(6) motion to dismiss for failure to meet a statute of limitations. *Herrera v. City of Espanola*, 32 F.4th 980, 991 (10th Cir. 2022). We construe Mr. Poletto's pro se filings liberally, but we may not act as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

## III.  DISCUSSION

Even liberally construing Mr. Poletto's opening brief, we find only two arguments that are both adequately briefed and relevant to the basis of the district court's dismissal ruling:  (1) defendants failed to file an answer and (2) Colorado's three-year statute of limitations for contract actions applies to the third claim.[5]

---

[5] Among other things, Mr. Poletto argues in his opening brief that a former member of a labor union can bring a civil action against the union, but that issue is not germane to this appeal. He also argues the district court should have entered default judgment against defendants (Mr. Poletto sought entry of default and entry of a default judgment on numerous occasions). And he contends the court should have

As to the first argument, defendants may file a motion to dismiss under Rule 12(b) in lieu of an answer. *See* Fed. R. Civ. P. 12(b) (Rule 12(b) motions "must be made before pleading if a responsive pleading is allowed."); Fed. R. Civ. P. 12(a)(4)(A) (serving a Rule 12 motion delays time to file a responsive pleading until 14 days after notice that the court has denied the motion).

Regarding the second argument, we have carefully reviewed the record, the parties' briefs, the magistrate judge's recommendation, and the district court's dismissal order in light of the controlling law. Having done so, we discern no reversible error in the district court's analysis regarding the third claim and affirm for substantially the same reasons the district court stated in its thorough and well-reasoned order granting the motion to dismiss.

---

considered certain filings "outside the pleading[s]," Aplt. Opening Br. at 4, all of which were filed after briefing on the motion to dismiss was completed. But Mr. Poletto fails to explain how the district court erred in denying his motions regarding default or how consideration of the additional filings he cites would have affected the outcome. *See Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) ("The first task of an appellant is to explain to us why the district court's decision was wrong."). He has therefore waived appellate review of these arguments. *See Sawyers v. Norton*, 962 F.3d 1270, 1286 (10th Cir. 2020) ("[A]rguments that are inadequately presented in an opening brief" or "presented only in a perfunctory manner" are "abandoned or waived" (brackets and quotations omitted)).

## IV. **CONCLUSION**

We affirm the district court's judgment dismissing Mr. Poletto's claims with prejudice.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge