**Michael KOLOMICK, Appellant,**

v.

**UNITED STEELWORKERS OF AMERICA, DISTRICT 8, AFL–CIO and Donn Corporation Floor Division, Appellees.**

No. 84–1875.

United States Court of Appeals, Fourth Circuit.

Argued March 8, 1985.

Decided May 9, 1985.

---

William H. Kirkpatrick, II, Towson, Md., for appellant.

J. Michael McGuire, Baltimore, Md., Joy E. Klopp, Asst. Gen. Counsel (Patrick Pilachowski; Shawe & Rosenthal, Baltimore, Md., on brief), for appellees.

Before SPROUSE and WILKINSON, Circuit Judges, and RAMSEY, United States District Judge for the District of Maryland, sitting by designation.

SPROUSE, Circuit Judge:

Michael Kolomick brought this § 301[1] action against his former employer, Donn Corporation, and the United Steelworkers of America, District 8, alleging that Donn had wrongfully discharged him from employment and that the Union, by improperly refusing to pursue arbitration under the terms of an existing collective bargaining agreement, did not fairly represent him. The magistrate, to whom the case was referred by consent, granted both Donn's motion to dismiss and the Union's motion for summary judgment on the ground that Kolomick's action was barred by the six-month statute of limitations announced by the Supreme Court in *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). The magistrate further concluded that the limitation period had not been tolled by the filing of a complaint with the National Labor Relations Board (NLRB). Kolomick appeals from the judgment entered in favor of Donn and the Union. We affirm.

Kolomick was fired from his job with the Donn Corporation on November 15, 1982. The Union "grieved" his complaint but thereafter notified Kolomick on May 6, 1983 that it would not pursue his discharge to arbitration. Kolomick filed a charge with the NLRB pursuant to § 10 of the National Labor Relations Act, 29 U.S.C. § 160 (1982), on October 12, 1983, claiming that the Union's refusal to proceed to arbitration constituted an unfair labor practice in violation of the Act. The Regional Director of the NLRB refused to issue a complaint, and the NLRB's Office of Appeals upheld that determination on December 22, 1983. Kolomick then filed this action in district court on February 13, 1984 —more than nine months after the Union notified him that it would not pursue arbitration.

Kolomick concedes that application of the six-month *DelCostello* limitation period is proper, but contends that the limitation period should be tolled by the filing of the charge with the NLRB, so that the period should not have commenced until December 22, 1983, when the NLRB claim was finally dismissed. Thus, the sole issue presented by this appeal is whether the filing and pendency of an unfair labor practice claim before the NLRB tolls the statute of limitations for filing a "hybrid"[2]

---

**1.** Labor Management Relations Act § 301, 29 U.S.C. § 185 (1982).

**2.** A suit brought by an aggrieved employee against the employer-company for breach of a collective bargaining agreement is based on § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (1982). An employee's suit against a union, on the other hand, is one for breach of the union's duty of fair representa-

§ 301 action in federal court. We think that it does not and affirm the judgment entered by the magistrate.

A technical time bar, of course, may be overcome by equitable considerations. We do not intimate that the *DelCostello* time limitation might not be vulnerable to tolling for particularized equitable reasons under general principles of equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982); *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 380, 102 S.Ct. 1114, 1125, 71 L.Ed.2d 214 (1982); *Jarrell v. United States Postal Service*, 753 F.2d 1088, 1091–92 (D.C.Cir.1985); *Boyd v. United States Postal Service*, 752 F.2d 410, 414 (9th Cir.1985); *Jones v. Truck Drivers Local Union No. 299*, 748 F.2d 1083, 1086 (6th Cir.1984); *Smallwood v. United Air Lines, Inc.*, 661 F.2d 303, 305 (4th Cir.1981), *cert. denied*, 456 U.S. 1007, 102 S.Ct. 2299, 73 L.Ed.2d 1302 (1982). Kolomick, however, does not present any specific equitable reason for tolling the limitations period. He argues only that the parallel scheme permitting both agency action and federal judicial action makes tolling appropriate. He thus invites us to engraft a rule requiring tolling only on the basis of the filing of a charge with the NLRB. We decline.

■ The filing of a complaint with an administrative agency normally tolls the period within which a subsequent court action must be brought where the existence of the agency proceeding conditions or prevents the pursuit of the court action. *See, e.g.*, 42 U.S.C. § 2000e–5(f)(1) (1982) (in employment discrimination suits, aggrieved person must first file charge with EEOC); 29 U.S.C. § 626(d)(1) (1982) (age discrimination action in federal court may be brought only after charge filed with Secretary of Labor). Additionally, some courts have recognized circumstances where an agency's determination would serve as a prerequisite to imposing liability in the federal

forum and have approved tolling in such instances. *See, e.g., Mt. Hood Stages, Inc. v. Greyhound Corp.*, 616 F.2d 394 (9th Cir.), *cert. denied*, 449 U.S. 831, 101 S.Ct. 99, 66 L.Ed.2d 36 (1980) (limitation period on bringing antitrust action tolled during pendency of Interstate Commerce Commission proceeding because determination by agency was prerequisite to determination of antitrust liability).

However, tolling has been held not to apply in situations where a plaintiff pursues parallel avenues of relief. *See International Union of Electrical, Radio and Machine Workers, Local 790 v. Robbins & Myers, Inc.*, 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976) (pursuit of grievance procedures under collective bargaining agreement does not toll period for filing charge with EEOC under Title VII); *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975) (statute of limitations as to § 1981 action not tolled during period Title VII claim is pending before EEOC); *Corson v. First Jersey Securities, Inc.*, 537 F.Supp. 1263, 1267–68 (D.N.J.1982) (pendency of SEC administrative proceedings do not toll statute of limitations on § 10(b) actions under Securities Exchange Act of 1934).

A rule tolling the time period within which to file a § 301 claim in federal court simply by virtue of filing a claim with the NLRB would be contrary to the rationale underlying *DelCostello* and would not effectuate congressional goals. *See Burnett v. New York Central Railway Co.*, 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965). In the first place, § 10 suits may be pursued independently from those brought pursuant to § 301. The NLRB has preemptive jurisdiction over unfair labor practices under § 10 subject only to limited review by federal courts of appeal, 29 U.S.C. § 160(b) and (f) (1982), and possesses unreviewable discretion to refuse to issue an unfair labor practice complaint. *Vaca v. Sipes*, 386 U.S. 171, 182, 87 S.Ct.

---

tion—a cause of action implied under the scheme of the National Labor Relations Act, 29 U.S.C. §§ 151–168 (1982). *See DelCostello v.*

*International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983).

903, 912, 17 L.Ed.2d 842 (1967). Section 301 serves as an exception to the agency's preemptive jurisdiction and grants federal district courts the power to entertain suits alleging the breach of a collective bargaining agreement even if the breach also constitutes an unfair labor practice. We certainly are not faced with a unitary statutory scheme mandating administrative action before suit can be brought in a federal forum.

The purposes of the two avenues of relief also differ. The Board's concern under the National Labor Relations Act is to effectuate the public interest by thwarting unfair industry practices while, among other things, § 301 permits a "hybrid" action designed to recompense an aggrieved employee for alleged wrongs committed by both the employer and union. *Vaca v. Sipes*, 386 U.S. at 182 n. 8, 87 S.Ct. at 913 n. 8. There is no inherent inequity in the dual nature of procedure and relief available to a plaintiff in these actions. To the contrary, the existence of two potential forums provides an aggrieved plaintiff with greater flexibility than that available to most plaintiffs. *Cf. Johnson v. Railway Express Agency*, 421 U.S. 454, 465–6, 95 S.Ct. 1716, 1722–23, 44 L.Ed.2d 295 (1975) (independence of Title VII administrative action and § 1981 claim benefits plaintiff). In sum, the diverse nature of the two possible avenues of relief counsels strongly against the advantage Kolomick seeks in this suit. *See also International Union of Electrical, Radio and Machine Workers, Local 790 v. Robbins & Myers, Inc.*, 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976) (pursuit of grievance procedures under labor agreement does not toll period for filing Title VII charge with EEOC); *Johnson v. Railway Express Agency, supra.*

Further, we believe that our conclusion is in harmony with the salutary policy favoring the prompt resolution of labor disputes. *DelCostello*, 462 U.S. at 168, 103 S.Ct. at 2292. In this regard, we agree with the opinion of Judge Hunter in *Martin v. Adams Distribution Services*, 114 LRRM 3562, 3566 (W.D.Mo.1983) that "[a] decision not to

toll is also supported by Congress's desire, as evidenced by section 10(b), to ensure finality of private settlements of employer-employee conflicts within a relatively short period of time." Several other district courts have reached the same conclusion. *Bey v. Williams*, 590 F.Supp. 1150 (W.D.Pa.1984); *Weed v. East Texas Motor Freight Lines, Inc.*, 592 F.Supp. 713 (N.D.Tex.1983); *Nicely v. U.S. Steel Corp.*, 574 F.Supp. 184 (W.D.Pa.1983); *Association of Frigidaire Model Makers v. General Motors Corp.*, 573 F.Supp. 236 (S.D.Ohio 1983); *Former Frigidaire Employees Association v. International Union of Electrical, Radio and Machine Workers, Local 801*, 573 F.Supp. 59 (S.D.Ohio 1983).

For the foregoing reasons, the order of the magistrate is affirmed.

AFFIRMED.