837 F.2d 657
 127 L.R.R.M. (BNA) 2505
 Richard S. TRENT, Jr., Plaintiff-Appellant,
v.
William BOLGER, Postmaster General and Successors, in his
official capacity; American Postal Worker's Union; Prince
George's Area Local Union; American Postal Worker's Union
AFL-CIO, Defendants-Appellees.
 No. 87-1079.
 United States Court of Appeals,
Fourth Circuit.
 Argued Nov. 3, 1987.
Decided Jan. 29, 1988.
 
 Paul Getz Levenson (Kaye, Scholer, Fierman, Hays & Handler, Washington, D.C., on brief), for plaintiff-appellant.
 Lori Joan Dym, Office of Labor Law, U.S. Postal Service, Washington, D.C. (Breckenridge L. Wilcox, U.S. Atty., Juliet A. Eurich, Asst. U.S. Atty., Baltimore, Md., Stephen E. Alpern, Associate Gen. Counsel, on brief), Anton George Hajjar (O'Donnell, Schwartz & Anderson, Washington, D.C., on brief), for defendants-appellees.
 Before WINTER, Chief Judge, HALL, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 K.K. HALL, Circuit Judge:
 
 
 1
 Richard Trent brought this hybrid 39 U.S.C. Sec. 1208 action against the Postmaster General and the American Postal Workers Union, alleging that he had been wrongfully discharged from employment and that the union had breached its duty of fair representation. The district court granted both the Postal Service's and the Union's motion for summary judgment on the ground that the action was barred by the applicable six-month statute of limitations. The district court concluded that the statute of limitations was not tolled by the filing of an administrative appeal with the Merit System Protection Board ("MSPB") by Trent. We reverse.
 
 I.
 
 2
 Trent had been employed by the Postal Service for 19 years as an auto mechanic. In December of 1980, he was scheduled to attend a training course in Norman, Oklahoma, the following June. Trent told his supervisor that he could not attend because he did not have luggage or clothing appropriate for the trip. Trent was ordered to attend the training course despite his request to be relieved of the assignment. He did not, however, attend the course but instead reported to his regular place of work. He was declared absent without leave for the period of time of the training session even though he worked at his usual job. Trent filed a grievance protesting this declaration but it appears that no action was taken on this grievance. Trent then received a notice of proposed removal, indicating that he was to be discharged.
 
 
 3
 In the proposed removal notice issued on July 2, 1981, Trent was advised that he had 14 days to file a grievance under the grievance arbitration procedures of the collective bargaining agreement.[1] A letter of decision was then mailed to Trent on July 17, 1981, in which he was informed that he would be removed as of August 3, 1981. The union filed a grievance on July 30, 1981. Under the collective bargaining agreement the late filing of the grievance prevented Trent from proceeding to neutral arbitration if the Postal Service refused to reinstate him. As a veteran Trent was also entitled to appeal his discharge to the MSPB.[2] However, under the contract, if Trent chose this route, he was precluded from proceeding beyond Step 3 of the grievance procedure.
 
 
 4
 Trent filed a timely appeal on August 28, 1981, with the MSPB which was denied on December 18, 1981. He appealed this denial to the Court of Appeals for the Federal Circuit which denied his petition to review the MSPB's decision on March 21, 1984. Thereafter, Trent filed the present suit on July 16, 1984, in state circuit court in Maryland and the case was then removed to the federal district court for the District of Maryland. The district court granted summary judgment for both the Postal Service and the Union. This appeal followed.
 
 II.
 
 5
 Trent argues that he was required to exhaust his appeal to the MSPB before he could bring the present hybrid action for breach of duty of fair representation and wrongful discharge. He further argues that his filing of an appeal with the MSPB tolled the six-month statute of limitations for filing the Sec. 1208 claim. Trent, contends that, as a preference eligible veteran, he was entitled to choose between the grievance-arbitration procedure set forth in the collective bargaining agreement and the MSPB appeal procedure in challenging his discharge. Once he had chosen one of these routes, he was foreclosed by the collective bargaining agreement from following the other. Therefore, Trent argues, if he was required to exhaust the grievance procedure before filing a hybrid action, then he was also required to exhaust the MSPB appeal which replaced the grievance procedure as the only avenue of administrative relief. We agree.
 
 
 6
 This suit was brought under the Postal Reorganization Act, 39 U.S.C. Sec. 1208(b), which is the analogue of Sec. 301(a) of the Labor Management Relations Act. Federal courts have generally applied private sector Sec. 301 law in order to resolve suits brought against the Postal Service under Sec. 1208(b).[3] Accordingly, the six-month statute of limitations provided in DelCostello v. Teamsters, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), controls in this type of claim.[4]
 
 
 7
 However, before an employee may bring a suit against his employer for breach of a collective bargaining agreement, the employee is required to attempt to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement. Clayton v. International Union, 451 U.S. 679, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981). Furthermore, when an employee is required to exhaust an administrative remedy, the applicable limitations period for filing an action in federal court is tolled pending the exhaustion of that administrative remedy. Kolomick v. United Steelworkers of America, District 8, 762 F.2d 354 (4th Cir.1985). However, tolling does not apply in situations where a plaintiff pursues relief through parallel administrative proceedings. Id. at 356. The district court, relying on Kolomick held that the MSPB appeal process was a parallel system of relief and could not be a remedy required to be exhausted. We disagree with the district court's application of our decision.
 
 
 8
 We held in Kolomick that the filing and pendency of an unfair labor practice claim before the National Labor Relations Board did not toll the statute of limitations for filing a hybrid Sec. 301 action.[5] This was clearly a parallel proceeding--one that the employee could pursue simultaneously with the mandatory grievance-arbitration proceedings. Moreover, the terms of the collective bargaining agreement did not bar this alternative proceeding in addition to the usual grievance procedure.
 
 
 9
 Applying this standard to the present case, it is readily apparent that the MSPB was not a parallel avenue of relief. Indeed, once chosen it was the only avenue of relief. The grievance procedure and the MSPB could not be pursued independently because the collective bargaining agreement specifically prohibited the preference employee from pursuing both avenues of relief. In addition, the purposes of the two avenues of relief did not differ. Kolomick, 762 F.2d at 357. Both avenues focused on the discharge and the purpose of both was to resolve whether the employee should have been discharged and if not to reinstate him. We therefore conclude that the six-month statute of limitations was tolled by proceedings in the Federal Circuit Court until March 21, 1984. The complaint filed on July 16, 1984, was timely.[6]
 
 III.
 
 10
 For the foregoing reasons, we reverse the district court decision and remand for further proceedings consistent with this opinion.
 
 
 11
 REVERSED AND REMANDED.
 
 
 
 [1]
 The Grievance-Arbitration Procedure provides (in relevant part) the following steps:
 Step 1--An aggrieved employee must discuss the grievance with his immediate supervisor within 14 days of the date on which the employee or Union first learned of its cause;
 Step 2--The standard grievance form appealing to Step 2 shall be filed with the installation head or designee. The Union may appeal an adverse Step 2 decision to Step 3 within 15 days after receipt of the decision;
 Step 3--Any appeal from an adverse decision in Step 2 shall be in writing to the Regional Director;
 Step 4--In any case properly appealed (within 15 days) to this step the parties shall meet at the National level promptly. If the parties are unable to settle the grievance, the National President of the Union shall be entitled to appeal it to arbitration at the National level within 30 days after receipt of the Employer's Step 4 decision.
 
 
 [2]
 Article 16, Section 9, addresses the rights of preference-eligible employees:
 A preference eligible is not hereunder deprived of whatever rights of appeal such employee may have under the Veterans' Preference Act; however, if the employee appeals under the Veterans' Preference Act, the employee thereby waives access to any procedure under the Agreement beyond Step 3 of the grievance-arbitration procedure.
 
 
 [3]
 National Association of Letter Carriers v. U.S. Postal Service, 590 F.2d 1171 (D.C.Cir.1978); Miles v. U.S. Postal Service, 561 F.2d 1348 (9th Cir.1977); National Association of Letter Carriers v. Sombrotto, 449 F.2d 915 (2d Cir.1971)
 
 
 [4]
 In DelCostello, the Supreme Court held that a suit by an employee against the employer and the union alleging that the employer breached the collective-bargaining agreement and the union breached its duty of fair representation in connection with discharges is controlled by the six-month statute of limitations set forth in Sec. 10(b) of the National Labor Relations Act
 
 
 [5]
 This Court also identified the following situations as not tolling: pursuit of grievance procedure does not toll period for filing EEOC charge; statute of limitations as to Sec. 1981 action not tolled during period Title VII claim is pending before EEOC; and pendency of SEC administrative proceedings do not toll statute of limitations on Sec. 10(b) actions under Securities Exchange Act. Kolomick at 356
 
 
 [6]
 We note that requiring preference postal employees to exhaust the MSPB appeals process will not interfere with the prompt resolution of labor disputes. There is no indication that the MSPB procedure would take any longer than the grievance and arbitration procedure