929 F.2d 693
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Leo MCMILLEN, Plaintiff-Appellant,
v.
UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE
PLUMBING AND PIPEFITTING INDUSTRY OF THE UNITED STATES AND
CANADA, LOCAL UNION 152; Charles L. Jordan; Sam Jacobs;
Donald L. Longfellow; Ray Scarpella; Jeff Compton; Delone
Jenkins, as officers, members and representatives of
Plumbers and Pipefitters Local Union 152; Kennedy
Mechanical Contractors, Incorporated, a corporation,
Defendants-Appellees.
 No. 90-2491.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 4, 1991.
Decided March 21, 1991.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert Earl Maxwell, Chief District Judge. (CA-90-80-C)
 Peter D. Dinardi, Morgantown, W.Va., for appellant.
 George R. Higinbotham, Higinbotham & Higinbotham, Fairmont, W.Va.; Stanley M. Hostler, Hostler & Segal, Charleston, W.Va., for appellees.
 N.D.W.Va.
 AFFIRMED.
 Before WIDENER and K.K. HALL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Leo McMillen appeals an order of the district court which dismissed his suit against his employer for wrongful discharge and against his union for breach of its duty of fair representation. We affirm.
 
 
 2
 McMillen was discharged (apparently on a temporary basis) on June 23, 1989. In December 1989, he filed a grievance with the National Labor Relations Board (NLRB), alleging that the union had failed to fairly represent him after his discharge. The NLRB notified McMillen that it had found in favor of the union on February 22, 1990. On June 21, 1990, McMillen initiated this action in state court; defendants removed the action to federal district court. McMillen contested removal but the district court denied his motion to remand to state court, finding that federal law preempted state law for claims involving breach of a collective bargaining agreement. Defendants then moved to dismiss. The district court eventually granted the motions to dismiss, finding that in a hybrid action against both employer and union the six-month limitation period of 29 U.S.C. Sec. 160(b) applies. It further found that the statute of limitations began to run on the day McMillen was discharged, not after exhaustion of his administrative remedy before the NLRB.
 
 
 3
 On appeal, McMillen challenges each of these rulings. However, we find no error. Removal was proper because both of McMillen's claims involve the alleged breach of a collective bargaining agreement, and in this area federal law has preempted state law. 29 U.S.C. Sec. 185(b); Lingle v. Norge Division of Magic Chefs Inc., 108 S.Ct. 1877, 1885 (1988). In a hybrid action, the Supreme Court has decided that the six-month limitations period applies. DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151 (1983). In such an action, the federal courts and the NLRB have concurrent jurisdiction and the filing of a complaint with the NLRB does not toll the time within which a claim must be filed in federal court. Kolomick v. United Steelworkers, 762 F.2d 354 (4th Cir.1985).
 
 
 4
 Accordingly, we affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED