## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,

v.

## DOMINO'S PIZZA, INC. Defendant.

### Civ. No.: AW 94–1707.

United States District Court, D. Maryland, Southern Division.

Dec. 14, 1994.

---

Cecile Celeste Quinlan, Philip B. Sklover, Arlene T. Shadoan, Gerald Kiel, James R. Neely, Jr., for plaintiff.

Kathleen Pontone, Gary B. Eidelman, Melvin J. Muskovitz, for defendant.

Barbara J. Gorinson, *for movant Kathy Moore—applicant for intervention.*

## MEMORANDUM OPINION

WILLIAMS, District Judge.

On June 21, 1994, the Equal Employment Opportunity Commission ("EEOC") institut-ed this action, on behalf of Kathy Moore, formerly Kathy Humphrey, against Domino's Pizza, Inc. ("DPI") alleging sexual harassment under Title VII, 42 U.S.C. § 2000e *et seq.* Presently pending before the Court is Ms. Moore's Motion to Intervene under Federal Rule of Civil Procedure 24(a)(1).[1]

## FACTUAL BACKGROUND

Ms. Moore began working for DPI in 1984. In 1990 she became the store manager of the DPI's Lexington Park, Maryland location. Sean Harper, in his capacity as Corporate Area Superior, became her immediate supervisor and John Longdon was her "second line" supervisor. When Mr. Harper was promoted to Senior Supervisor, Danny Rogers became the Corporate Area Supervisor and, thus, Ms. Moore's immediate supervisor.

According to Ms. Moore, from on or about August 30, 1990, until on or about August 6, 1991, Mr. Harper made various forms of unwanted sexual advances toward her and, along with Mr. Rogers and Mr. Longdon, exposed her to a hostile working environment which culminated in her physical and mental exhaustion. Ms. Moore alleges that she became suicidal and eventually suffered an emotional breakdown for which she was hospitalized.

Ms. Moore subsequently filed a claim with the EEOC alleging sexual harassment and hostile working environment under Title VII. The EEOC completed its investigation and filed suit against DPI in this Court on June 21, 1994. On September 22, 1994, Ms. Moore filed a Motion to Intervene. Having reviewed the parties' respective memoranda and exhibits attached thereto, the Court has determined that a hearing is not necessary. Local Rule 105(6) (D.Md.1994).

## DISCUSSION

In her motion Ms. Moore seeks not only to intervene as a plaintiff in this matter, but also to add Mr. Harper, Mr. Rogers and Mr. Longdon as defendants and to supplement

---

1. Rule 24(a)(1) permits intervention of right "when a statute of the United States confers an unconditional right to intervene...." Fed. R.Civ.P. 24(a)(1). Title VII, 42 U.S.C. § 2000e–5(f)(1) confers such a right on Ms. Moore.

the EEOC complaint with additional claims of intentional infliction of emotional distress against DPI, Mr. Harper, Mr. Rogers and Mr. Longdon (count II); battery against Mr. Harper and Mr. Rogers (count III); false imprisonment against DPI and Mr. Harper (count IV); conspiracy against DPI, Mr. Harper, Mr. Rogers and Mr. Longdon (count V); and, negligent retention of employees against DPI (count VI).

■ DPI does not contest Ms. Moore's right to intervene on the claim against it under Title VII. It does, however, dispute Ms. Moore's right to intervene to add the common law claims because the applicable statutes of limitations have expired. Ms. Moore contends that even though the common law claims would normally be barred, they may proceed in this case because of the "relation back" doctrine. Ms. Moore reasons that under Rule 15(c) of the Federal Rules of Civil Procedure, if a complaint is amended, the additional claims relate back to the filing of the original complaint. In support of this argument, Ms. Moore directs the Court's attention to *Miller v. Fairchild Industries, Inc.*, 668 F.Supp. 461, 463 (D.Md.1987) and *Carter v. Delta Air Lines, Inc.*, 441 F.Supp. 808 (D.Md.1977).

■ In both of these cases, however, the parties' filed an action in a timely manner. Recognizing this hurdle, Ms. Moore argues that "[t]he filing of a complaint with an administrative agency normally tolls the period within which a subsequent court action must be brought where the existence of the agency proceeding conditions or prevents the pursuit of the court action." *See Kolomick v. United Steelworkers of America, District 8*, 762 F.2d 354, 355 (4th Cir.1985). This general rule, however, only applies to Ms. Moore's Title VII claims, not to claims where she is free to pursue other avenues of relief. *Id.*

Ms. Moore was free to pursue each of her common law claims in a court of law independent of the EEOC proceedings. Moreover, as Ms. Moore is aware, the EEOC's jurisdiction is specifically defined by statute and, thus, the EEOC could not delay or prevent Ms. Moore from pursuing her common law claims in a timely manner. *See* 42 U.S.C. § 2000e(5)(f)(1) and (3).

## CONCLUSION

The Court is not prepared to accept a general rule that an intervenor seeking to add new claims, that are time-barred by the applicable statute of limitations, may do so under the relation back doctrine. *See Ceribelli v. Elghanayan*, No. 91 CIV. 3337 (CSH), 1994 WL 529853 (S.D.N.Y. Sept. 28, 1994) ("[t]here is nothing in the purpose of the rule which would countenance a situation in which claims, otherwise time-barred, could be resuscitated simply by virtue of the existence of another timely filed lawsuit with common questions of law or fact."); *Washington Electric v. Mass. Municipal*, 922 F.2d 92, 97 (2nd Cir.1990) ("[Rule 24] is not intended to allow for the creation of whole new suits by intervenors"); *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 560, 94 S.Ct. 756, 769, 38 L.Ed.2d 713 (1974).

It will be so ordered.

## ORDER

For the reason set forth in the attached Memorandum Opinion, IT IS, this 14th day of December, 1994, by the United States District Court for the District of Maryland, Southern Division, hereby ORDERED:

1.  That Kathy Moore's Motion to Intervene BE, and the same hereby IS, GRANTED in part and DENIED in part;

a.  That Kathy Moore be ADDED as an additional Plaintiff;

b.  That the request to add Counts II, III, IV, V, and VI of Intervenor Kathy Moore's Complaint BE, and the same hereby IS, DENIED;

2.  That the Clerk of the Court mail copies of this Order and Memorandum Opinion to all parties of record.