107 F.3d 870
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John Paul DUNN, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE, and National Association of
Letter Carriers, Defendants-Appellees.
 No. 95-2086.
 United States Court of Appeals, Sixth Circuit.
 Feb. 27, 1997.
 
 Before: WELLFORD, RYAN, and SILER, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 Appellant, John Paul Dunn, filed a "hybrid" claim, pursuant to 39 U.S.C. § 1208(b), charging the United States Postal Service (USPS) with a breach of its collective bargaining agreement with the National Association of Letter Carriers (NALC), and charging the NALC with a breach of its duty of fair representation. The district court dismissed Dunn's claim, finding that it was barred by the applicable six-month statute of limitations. We affirm.
 
 I.
 
 2
 Until 1991, Dunn was employed as a city letter carrier at the Cheboygan, Michigan, post office. He was represented by the NALC, which was the exclusive collective bargaining representative for all letter carriers employed by the USPS. The NALC and the USPS were party to a nationwide collective bargaining agreement. The collective bargaining agreement contains a multi-step grievance procedure which culminates in binding arbitration. NALC Local Branch 523 handles grievances arising out of the Cheboygan post office through step 2 of the grievance procedure. The NALC handles grievances when they are appealed beyond the second step.
 
 
 3
 Dunn alleges that he suffered from problems with his knees for many years and that he was ultimately diagnosed with degenerative arthritis. He further claims that he was unable to perform his letter carrying duties, on account of his arthritis, from September 19, 1990 forward. Despite his condition and alleged inability to perform his job, Dunn remained on the USPS's payroll until December 22, 1990, when he was placed on off-duty status without pay.
 
 
 4
 On December 20, 1990, the USPS notified Dunn that he would be placed on off-duty status without pay effective December 22, 1990, because "[t]here is cause to believe that you are guilty of a crime for which imprisonment can be imposed." The "cause" was that on November 28, 1990, Dunn was indicted for conspiring to distribute cocaine and marijuana in violation of 21 U.S.C. § 846. The indictment charged Dunn with participating in a cocaine and marijuana distribution ring from 1985 through 1990. The indictment also charged that Dunn planted, cultivated, and harvested marijuana for processing and distribution. On January 2, 1991, the USPS notified Dunn that he was to be placed on administrative leave status effective January 4, 1991. Finally, on January 17, 1991, the USPS notified Dunn that he would be removed from the USPS for violating its code of ethical conduct.
 
 
 5
 On January 26, 1991, Branch 523 filed a grievance protesting Dunn's placement on off-duty status without pay. On February 21, 1991, Branch 523 filed a second grievance protesting Dunn's removal. After both grievances were denied through step 3, the NALC appealed the grievances to arbitration. The collective bargaining agreement provides that the union representative in a grievance arbitration proceeding "shall have authority to grant or settle the grievance in whole or in part." On May 2, 1991, Dunn pleaded guilty to one count of conspiracy in violation of 21 U.S.C. § 846. On February 19, 1992, he was sentenced to 60 months' imprisonment.
 
 
 6
 On August 13, 1991, Fred Herman, an NALC representative, entered into a pre-arbitration settlement agreement of Dunn's grievances with the USPS. The agreement stated that "[a]s final and complete settlement of the subject case ... [i]t is mutually agreed that the removal notice issued to the grievant will be rescinded pending the office of personnel management's acceptance of his disability retirement." Both parties represent that they understood the agreement to permit Dunn's reinstatement only so that he might have the opportunity to apply for disability benefits. Dunn included the pre-arbitration settlement agreement in a letter he addressed to the Office of Personnel Management (OPM) on or about September 8, 1992.
 
 
 7
 On November 14, 1991, Dunn applied for a disability pension. The OPM denied Dunn's application on August 14, 1992, because "[i]nsufficient documentation was submitted to demonstrate that [Dunn] was disabled for useful and efficient service because of disease or injury." On August 25, 1992, the USPS notified Dunn that "[s]ince [his] application for disability retirement has been disallowed, it is the position of the Postal Service to affect [sic] [his] removal immediately." Dunn requested reconsideration of the denial of his application and, on November 24, 1992, the OPM again denied his application for disability benefits. The OPM's November 24, 1992 denial informed Dunn that he had "the right to appeal this decision to the Merit Systems Protection Board (MSPB)."
 
 
 8
 Dunn did file an appeal with the MSPB and a hearing was held before a panel of the MSPB on April 1, 1993. The MSPB affirmed the OPM's decision on January 14, 1994, concluding that "[t]he preponderance of the evidence of record does not establish that [Dunn] was suffering from disabling pain at the time he last occupied his position." The MSPB also stated that it had
 
 
 9
 no record that [Dunn] has filed a petition for appeal of his alleged removal. If [Dunn] wishes to appeal his removal, he must file a petition for appeal promptly with the appropriate Board regional office and submit evidence and argument showing good cause for filing an appeal that has apparently not been filed in a timely manner.
 
 
 10
 On May 12, 1994, Dunn filed this "hybrid" suit, pro se, under 39 U.S.C. § 1208(b). Dunn alleged that the USPS violated the terms of the collective bargaining agreement when it removed Dunn from service and that the NALC breached its duty of fair representation in handling Dunn's grievances. The NALC and the USPS moved separately for summary judgment. On April 28 and August 9, 1995, respectively, Magistrate Judge Paul J. Komives recommended that Dunn's claim against the NALC and the USPS be dismissed as barred by the applicable six-month statute of limitations. The district court adopted Magistrate Judge Komives's recommendation as to the NALC's motion on July 17, 1995, and as to the USPS's motion on September 27, 1995. Dunn appeals from the district court's final judgment dismissing his claim.
 
 II.
 A.
 
 11
 In pressing his case before this court, Dunn makes it clear that the gravamen of his "claim is that the Postal Service breached the [collective bargaining agreement] when it removed him ... and that his union breached its duty of fair representation when it settled the ensuing discharge grievance." Dunn's principal argument is that he was required to exhaust his appeals before the OPM and the MSPB before he could file the present action. He argues that his hybrid claim was timely because it was filed within six months of the MSPB's final decision on his request for disability retirement benefits. Dunn does not dispute that six months is the proper limitations period.
 
 
 12
 Magistrate Judge Komives rejected Dunn's argument that the statute of limitations on Dunn's hybrid action was tolled while Dunn pursued the appeal of his application for disability benefits. He concluded that Dunn's appeals before the OPM and the MSPB were parallel actions independent of the grievances regarding Dunn's suspension and removal. See Trent v. Bolger, 837 F.2d 657 (4th Cir.1988); Kolomick v. United Steel Workers of Am., 762 F.2d 354 (4th Cir.1985). After a thorough examination of the record and a careful review of the law, we can find no error in Magistrate Judge Komives's treatment of this issue. Accordingly, we adopt his well-reasoned opinion as our own on this issue.
 
 B.
 
 13
 Dunn has pressed several other assignments of error which the defendants have aptly described as "a stream-of-consciousness endeavor." We have carefully considered all of them and we are satisfied that Dunn has not been deprived of property in violation of his right to due process, see, e.g., American Postal Workers Union Columbus Area Local AFL-CIO v. United States Postal Serv., 736 F.2d 317, 319 (6th Cir.1984), and he has not been subjected to double jeopardy in violation of the Fifth Amendment, see, e.g., United States v. Payne, 2 F.3d 706, 710 (6th Cir.1993). The remainder of Dunn's assignments of error are meritless and unworthy of elaboration.
 
 III.
 
 14
 The judgment of the district court is AFFIRMED.