Ronald W. THOELE, Plaintiff,

v.

**UNITED STATES POSTAL
SERVICE, Defendant.**

No. 95 C 6332.

United States District Court,
N.D. Illinois,
Eastern Division.

March 10, 1998.

Andrew W. Levenfeld, Andrew W. Levenfeld & Assoc., Ltd., Chicago, IL, Steven N. Fritzshall, Rick A. Gleason & Assoc., Chicago, IL, Edward Clancy, Edward Clancy & Associates, Chicago, IL, for Plaintiff.

Samuel D. Brooks, Asst. U.S. Atty., Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

The plaintiff, Ronald Thoele, filed suit against the defendant, the United States Postal Service ("USPS"), under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* Both sides move for summary judgment. For the following reasons, the USPS' motion is granted and Mr. Thoele's motion is denied.

### Background

Mr. Thoele's claim arises from a series of events that began in late December, 1994. At that time, Mr. Thoele was employed as a manual distribution clerk by the USPS in Winnetka, Illinois. Mr. Thoele's father had surgery on December 6, 1994, and due to a problem with insurance coverage, was discharged from his nursing home residence on December 22, 1994. Mr. Thoele contacted the USPS on December 21, 1994, and requested eight hours of Leave Without Pay ("LWOP"). The next day, Mr. Thoele contacted his supervisor at the USPS, Kathy Eagon, and requested sixteen additional hours of LWOP, asking that his absence be charged to FMLA leave. Ms. Eagon informed Mr. Thoele his request for FMLA leave would be considered when the proper paperwork was submitted. On December 31, 1994, Mr. Thoele sent a "Request For Or Notification of Absence" form to the Winnetka Post Office requesting that his 96 hour absence, from December 20 to January 9, be charged to FMLA leave. On January 6, 1995, Ms. Eagon rejected Mr. Thoele's FMLA leave request for a variety of reasons. Mr. Thoele returned to work on January 17, 1995.

On February 6, 1995, Mr. Thoele received a "Notice of Removal" from the USPS. Mr. Thoele was informed he would be discharged from the Postal Service on March 17, 1995, due to his inability to maintain a regular work schedule. Aside from Mr. Thoele's December and January absences, he was absent for various dates in September and had previously been suspended four times for failure

to maintain a regular work schedule. Mr. Thoele filed a grievance which was denied. On February 16, 1995, the USPS stated for the first time that it believed Mr. Thoele had been ineligible for FMLA leave when it was requested in December, 1994, and January, 1995. The American Postal Workers Union ("APWU") appealed Mr. Thoele's grievance to arbitration. On December 4, 1995, the arbitrator determined Mr. Thoele had not been terminated for just cause. The arbitrator did find a one month suspension was appropriate. Mr. Thoele was reinstated.

During January, 1996, the USPS made repeated attempts to contact Mr. Thoele and reinstate him at the Winnetka Post Office. On January 31, 1996, Mr. Thoele was again informed he would be removed from Postal Service duties effective March 9, 1996. The USPS's reason for terminating Mr. Thoele were absences during January, 1996, and his prior inability to maintain a regular work schedule. On February 10, 1996, Mr. Thoele reported to work at the Winnetka Post Office. At that time, Ms. Eagon informed Mr. Thoele he was being placed on administrative leave until he was discharged.

### Arbitration Award

■ Mr. Thoele's complaint states that the jurisdictional basis for his claim is the FMLA. In his summary judgment motion and response, Mr. Thoele, for the first time, argues his suit is also one to enforce the arbitrator's award granted in this case. Mr. Thoele's complaint does not include this claim or a jurisdictional basis for this claim. It is well settled in the Seventh Circuit that a plaintiff cannot amend his complaint with a later filed brief. *Auston v. Schubnell*, 116 F.3d 251, 255 (7th Cir.1997); *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir.1993).

■ Even if Mr. Thoele's argument for enforcement of the arbitrator's award was timely, it is still improper. As a postal employee, Mr. Thoele is represented by the American Postal Workers Union ("APWU"). The collective bargaining agreement between the APWU and the USPS states that the APWU is the exclusive bargaining representative for all postal clerks. (1994–98 Coll. Bargaining Agree. at 1). Additionally, ac-

cording to the collective bargaining agreement, the APWU controls a postal clerk's grievance during arbitration. (1994–98 Coll. Bargaining Agree. at 101–07). Under Section 1208(b) of the Postal Reorganization Act, 39 U.S.C. § 1201, *et seq.*, I have jurisdiction to hear "[s]uits for violation of contracts between the Postal Service and a labor organization representing Postal Service employees. . . ." Section 1208(b) is the "analogue" of Section 301 of the Labor Relations Act, 29 U.S.C. § 185(a). Thus, courts consider Section 301 case law applicable to actions brought under Section 1208(b). *United States Postal Serv. v. National Rural Letter Carriers' Ass'n*, 959 F.2d 283, 286 (D.C.Cir. 1992); *United States Postal Serv. v. American Postal Workers Union, AFL–CIO*, 893 F.2d 1117, 1119–20 (9th Cir.1990); *Bacashihua v. United States Postal Serv.*, 859 F.2d 402, 405 (6th Cir.1988); *Trent v. Bolger*, 837 F.2d 657, 659 (4th Cir.1988). Under Section 301, and thus Section 1208(b), an "aggrieved employee normally lacks standing to attack the results of the grievance process." *Bacashihua*, 859 F.2d at 405. The Seventh Circuit has noted a jurisdictional limit in Section 301, that "the litigant must be an employer or labor organization. . . ." *Pierce v. Commonwealth Edison Co.*, 112 F.3d 893, 895 (7th Cir.1997). By its language, Section 1208(b) contains the same jurisdictional limitation. An employee, such as Mr. Thoele, may still bring suit under the collective bargaining agreement, but such suit must establish that the union breached its duty of fair representation. *Id.; Bacashihua*, 859 F.2d at 406; *Melendy v. United States Postal Serv.*, 589 F.2d 256, 260 (7th Cir.1978). Mr. Thoele has neither claimed nor attempted to establish a breach of the APWU's duty of fair representation. Thus, even if Mr. Thoele's claim to enforce the arbitrator's award was timely, it would be deficient.

### FMLA Claims

The USPS argues that it did not violate the FMLA because the FMLA was never applicable to Mr. Thoele. For an employee to be eligible under the FMLA, he or she must be employed for twelve months and have worked at least 1,250 hours during the

previous twelve-month period. 29 U.S.C. § 2611(2)(A). The USPS has presented the affidavit of John C. Pullan, the Postmaster of the Winnetka Post Office, and an analysis of work hours for Mr. Thoele from December 19, 1993, to December 19, 1994, indicating Mr. Thoele only worked 1,209.51 hours during the twelve months before he requested FMLA leave.

Mr. Thoele does not dispute that he failed to work the necessary 1,250 hours to be eligible for FMLA leave. Instead, he makes a variety of arguments to prove he should still be covered by the FMLA: 1) that under the terms of the FMLA an employer must notify an employee that he or she is ineligible to receive leave within two days of the leave or the employee will be deemed eligible, 2) that the arbitrator determined the USPS did not notify Mr. Thoele he was ineligible for FMLA leave until after he took the leave and thus, this court is collaterally estopped to determine otherwise, 3) he would have worked 1,250 had it not been for an improper suspension in June, 1994. All of Mr. Thoele's arguments are without merit.

■ As currently implemented in the Code of Federal Regulations, the FMLA requires an employer to advise an employee if he or she is ineligible for FMLA leave. 29 C.F.R. § 825–110(d). If the employer does not notify an employee of ineligibility within two days of the leave period, the employee is deemed eligible for the leave. The USPS did not inform Mr. Thoele of his FMLA ineligibility until February 16, 1995. The rule requiring notification, however, was not in existence at the time Mr. Thoele requested FMLA leave. It became effective on April 6, 1995. 60 Fed.Reg. 6,658, 6,658 (1995). Between the passing of the FMLA and the implementation of the regulations in the Code of Federal Regulations, the FMLA was effectuated using interim rules. The interim rules did not require an employer to notify an employee of ineligibility. 58 Fed.Reg. 31,794, 31,816 (1993). The rule requiring an employer's notification of ineligibility has been held to be non-retroactive. *Bauer v. Varity Dayton–Walther Corp.*, 118 F.3d 1109, 1111 n. 1 (6th Cir.1997); *Schlett v. Avco Fin. Serv., Inc.*, 950 F.Supp. 823, 835

(N.D.Ohio 1996); *Robbins v. Bureau of Nat'l Affairs, Inc.*, 896 F.Supp. 18, 21–22 (D.D.C. 1995). Thus, Mr. Thoele's argument that the USPS' failure to notify him of ineligibility rendered him automatically eligible for FMLA leave is without merit. The USPS was not under an obligation at the time Mr. Thoele requested leave to notify him of his ineligibility.

■ Mr. Thoele next argues that since the arbitrator found that an employee is deemed eligible for FMLA leave if he or she is not notified otherwise, I am bound to apply collateral estoppel to find that Mr. Thoele was an eligible employee. Collateral estoppel applies if: "(1) the issue sought to be precluded is the same as that involved in the prior action; (2) the issue was actually litigated; (3) the determination of the issue was essential to the final judgment; and (4) the party against whom estoppel is invoked was fully represented in the prior action." *Havoco of Am., Ltd. v. Freeman, Atkins & Coleman, Ltd.*, 58 F.3d 303, 307 (7th Cir.1995) (citations omitted).

■ In a footnote, the arbitrator stated, in conclusory fashion, that an employee is deemed eligible for FMLA unless otherwise notified by the employer. (Arbitrator's Decision at 16). Based on this minor statement, I do not find that the employer notification requirement of the FMLA was "actually litigated." Additionally, the issue in the arbitration was whether Mr. Thoele had been removed for just cause. The arbitrator indicated in his "award summary" that the propriety of Mr. Thoele's FMLA claim was immaterial to the just cause determination by stating that discipline for Mr. Thoele was appropriate *"whether or not* [Mr. Thoele] was entitled to [Leave Without Pay] ... under the Family and Medical Leave Act (FMLA)." (Arbitrator, Is Decision at 1) (emphasis added). Thus, to the extent the arbitrator actually made a determination of the applicability of the FMLA, it was not "essential to the final judgment."

■ Mr. Thoele next argues that he would have reached 1,250 hours had he not been improperly suspended in June, 1994. Mr. Thoele was suspended for failure to maintain

regular work hours. He filed a Step 1 grievance as set forth in the collective bargaining agreement. (1994–98 Coll. Bargaining Agree. at 91–92). This grievance was denied and the APWU did not appeal Mr. Thoele's suspension to the next Step or to arbitration. (Fitzgerald Aff. ¶ 4). Mr. Thoele served his suspension. Now, Mr. Thoele wishes to litigate the propriety of his suspension. As noted above, Section 1208(b) of the Postal Reorganization Act limits jurisdiction to suits between employers and unions. An exception applies if Mr. Thoele claims the APWU has breached its duty of fair representation. Mr. Thoele has not made such a argument. Thus, I am without jurisdiction to consider this claim.

## Conclusion

Mr. Thoele concedes he did not have the required 1,250 hours of service necessary to qualify for FMLA leave. Under the interim rules, which apply to Mr. Thoele, the USPS did not have to notify Mr. Thoele of his FMLA ineligibility.[1] Mr. Thoele may not maintain an action under the FMLA. Accordingly, the USPS motion for summary judgment is granted and Mr. Thoele's motion for summary judgment is denied.

---

1. Mr. Thoele also argues that the USPS retaliated against his pursuing his FMLA claims by refusing to reinstate him as required by the arbitrator's decision. To state a claim for retaliation under the FMLA, the plaintiff must first establish he or she was protected by the FMLA at the time the leave was taken. *Delgado v. Solopak Pharm.,* *Inc.,* No. 96 C 7397, 1997 WL 403703, at *3 (N.D.Ill. July 15, 1997); *Oswalt v. Sara Lee Corp.,* 889 F.Supp. 253, 259 (N.D.Miss.1995). As discussed, Mr. Thoele was not protected by the FMLA when his leave was taken. Accordingly he cannot make out a retaliation claim under the FMLA.