Bettie BAPTISTE, Petitioner–Appellant,

v.

US POSTAL SERVICE; Barry Goldman, Arbitrator, Respondents–Appellees.

No. 01–2333.

United States Court of Appeals, Sixth Circuit.

May 3, 2002.

Before SUHRHEINRICH and GILMAN, Circuit Judges; HOOD, District Judge.*

Bettie Baptiste appeals a district court judgment that dismissed her petition filed under the Federal Arbitration Act, 9 U.S.C. § 1, et seq., to vacate an arbitrator's decision that upheld her firing from her job with the United States Postal Service. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Baptiste filed her petition in the district court seeking to vacate an arbitrator's award that upheld her firing following an altercation with a fellow postal employee. The government moved to dismiss the petition, petitioner responded in opposition,

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

and the government submitted a reply. The magistrate judge recommended that the government's motion to dismiss be granted, and petitioner did not file objections. The district court adopted the magistrate judge's recommendation and dismissed the petition. Plaintiff filed a timely notice of appeal. On appeal, Baptiste contends that the magistrate judge did not consider all of the evidence and that the arbitrator's decision should be vacated. The government responds that the district court's decision was proper.

Upon consideration, we will affirm the district court's judgment because Baptiste did not file objections to the magistrate judge's report and recommendation. Baptiste waived her right to appellate review because she did not file any objections to the magistrate judge's report and recommendation after being expressly advised to do so pursuant to *Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir.1995); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). While a waiver may be excused under exceptional circumstances in the interest of justice, *Thomas*, 474 U.S. at 155 & n. 15, 106 S.Ct. 466, no exceptional circumstances have been cited in this case, and none otherwise appear to exist. Moreover, the district court properly dismissed Baptiste's petition in any event.

First, an aggrieved individual postal employee does not have standing to contest the results of arbitration of an employment grievance. *See Bacashihua v. United States Postal Serv.*, 859 F.2d 402, 405 (6th Cir.1988); *Thoele v. United States Postal Serv.*, 996 F.Supp. 818, 820 (N.D.Ill.1998).

Baptiste has never alleged that her union breached any duty of fair representation of her in the arbitration process that might warrant judicial review. *Id.* Further, Baptiste's petition was not served within the three month period provided for actions under the Federal Arbitration Act. *See* 9 U.S.C. § 12. Accordingly, the district court properly dismissed Baptiste's petition.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.