[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17259
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cv-02674-JDW-TGW


CELESTE L. GUICE,

Plaintiff - Appellant,

versus

POSTMASTER GENERAL, U.S. POSTAL SERVICE,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 1, 2017)

Before JORDAN, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Celeste Guice, proceeding *pro se*, filed this action under 39 U.S.C. § 1208(b) against Megan Brennan, the Postmaster General of the United States Postal Service, to enforce an arbitration award with which she alleged the Postmaster had failed to comply. The district court dismissed the complaint on statute of limitations grounds and also denied Ms. Guice's motions for sanctions and for relief under Rules 59 and 60 of the Federal Rules of Civil Procedure. Ms. Guice has appealed these rulings and also moved for reconsideration of our order denying her motion to dismiss the appeal and/or strike appellee's reply brief. We have jurisdiction. *See* 28 U.S.C. § 1291. After careful review, and construing Ms. Guice's *pro se* brief liberally, *see Finch v. City of Vernon*, 877 F.2d 1487, 1504 (11th Cir. 1989), we affirm the district court in all respects and deny Ms. Guice's motion for reconsideration.

# I

Ms. Guice argues that the district court lacked subject-matter and personal jurisdiction over the action and parties. We review *de novo* questions of subject-matter and personal jurisdiction. *See Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268 (11th Cir. 2002) (personal jurisdiction); *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1318 (11th Cir. 2001) (subject-matter jurisdiction). Ms. Guice asserts several bases for her argument that the district court lacked jurisdiction, each of which we will address, and reject, in turn.

First, Ms. Guice argues that the district court was deprived of subject-matter and personal jurisdiction when the Postmaster filed a motion to dismiss, but not an answer, before the deadline fixed by the district court. We disagree. Under the Federal Rules of Civil Procedure, the filing of a timely motion to dismiss tolls the deadline to file an answer. *See* Fed.R.Civ.P. 12(a)(4)(A). *See also Lawhorn v. Atl. Ref. Co.,* 299 F.2d 353, 357 (5th Cir.1962) ("After ... a motion to dismiss for failure to state a claim is made, there is no reason to file any other pleadings until the motion is acted upon."). Accordingly, the Postmaster properly filed a motion to dismiss instead of an answer and the district court did not lose jurisdiction over the action.

Second, Ms. Guice argues that the district court lacked subject-matter jurisdiction and erred by not establishing the basis for its jurisdiction in its orders. Ms. Guice's complaint arises under 39 U.S.C. § 1208(b), a federal statute. Therefore, federal question subject-matter jurisdiction exists under 28 U.S.C. § 1331, which provides "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 377 (2012) ("Because federal law creates the right of action … [plaintiff's] claim, in 28 U.S.C. § 1331's words, plainly arises under the laws … of the United States.") (alterations omitted). Ms. Guice does not appear to contest that federal question jurisdiction was appropriate.

3

In fact, in her complaint below and statement of jurisdiction before this court, she maintains that jurisdiction is proper pursuant to 39 U.S.C. § 1208(b).  Rather, she faults the district court for not "expressly establish[ing], on the record" such jurisdiction.  Guice Br. at 18.  Although "[f]ederal courts have an independent obligation to ensure that subject-matter jurisdiction exists to hear a case," *MSP Recovery, LLC v. Allstate Ins. Co.*, 835 F.3d 1351, 1357 (11th Cir. 2016), district courts need not expressly state the basis for their jurisdiction in each order.  This is especially the case where, like here, the existence of federal question jurisdiction was apparent and no one challenged its existence.

Third, Ms. Guice argues that the district court erroneously considered arguments and authorities not raised by either party and did not specifically address each argument she raised in her opposition to the motion to dismiss.  We discern no error.  District court orders "should contain sufficient explanations of their rulings so as to provide this Court with an opportunity to engage in meaningful appellate review."  *Danley v. Allen*, 480 F.3d 1090, 1091 (11th Cir. 2007).  The district court's order granting the Postmaster's motion to dismiss meets this standard.  Because the district court found Ms. Guice's claim was barred by the applicable statute of limitations, it did not need to go any further or address and specifically reject her other arguments.  *See Samaan v. Gen. Dynamics Land Sys., Inc.*, 835 F.3d 593, 605 (6th Cir. 2016) ("A decisionmaker does not necessarily err

4

simply because he or she does not address every argument raised by one of the parties.").

Moreover, courts are permitted—indeed, obligated—to conduct their own research on legal issues before it. *See, e.g., United States v. Davis*, 183 F.3d 231, 252–53 (3d Cir. 1999) ("[T]he trial court cannot leave everything to the lawyers. The judge has an immanent obligation to research the law …"); *Universe Sales Co. v. Silver Castle, Ltd.*, 182 F.3d 1036, 1038 (9th Cir. 1999) ("[C]ourts may do their own research in order to ascertain foreign law."). Ms. Guice's due process rights were not violated by the district court's citation to case law not presented by the parties' briefs.

## II

Ms. Guice also raises two issues regarding the merits of the district court's dismissal. First, she argues that she stated a cognizable claim that was not barred by the statute of limitations. Second, she argues that the district court erred by considering an affidavit she attached to her complaint. We review *de novo* a district court's order granting a motion to dismiss, taking all facts in Ms. Guice's complaint, and all reasonable inferences drawn from those facts, as true. *See McGinley v. Houston*, 361 F.3d 1328, 1330 (11th Cir. 2004).

According to her complaint, Ms. Guice was employed by the United States Postal Service and was a member of the National Postal Mail Handlers Union,

5

Local #318.  In 2009, Ms. Guice's bid for job number 70276041 was disallowed. Ms. Guice filed a grievance challenging this action and received a favorable arbitration award in October of 2010.  The Postmaster had until January 12, 2011 to challenge the arbitrator's award, but did not seek review.  In a sworn affidavit attached to her complaint, Ms. Guice explains that in January of 2011, she alerted chief union steward Henry Dupree that she had not been paid her out-of-schedule pay or been placed in job 70276041, as ordered by the arbitrator.  Mr. Dupree assured her that he was working on her dispute, in addition to several others.  Later that year, Ms. Guice asked Jean-Max Clairjeune, the Branch President, to check on the status of her pending grievances.  On September 3, 2011, Mr. Clairjeune advised Ms. Guice that "all [her] pending grievances, including the Employer's non-compliance with the arbitration award, had been withdrawn." D.E. 1 at 22. Ms. Guice filed her lawsuit under 39 U.S.C. § 1208(b) on November 16, 2015.

Ms. Guice's claim, considered the same as a § 301 claim under the Labor Management Relations Act, 29 U.S.C. § 185, is governed by a six-month statute of limitations period.  *See Samples v. Ryder Truck Lines, Inc.*, 755 F.2d 881, 884 (11th Cir. 1985).  *See also Trent v. Bolger*, 837 F.2d 657, 659 (4th Cir. 1988) ("Federal courts have generally applied private sector § 301 law in order to resolve suits brought against the Postal Service under § 1208(b).").  This period began to run at the point at which Ms. Guice knew or should have known of the union's or

6

Postal Service's final action. *See Coppage v. U.S. Postal Serv.*, 281 F.3d 1200, 1204 (11th Cir. 2002). "The 'final action' is the point at which 'the grievance procedure was exhausted or otherwise broken down to the employee's disadvantage." *Id.* (citation and alteration omitted). Therefore, at the latest, Ms. Guice had six months to file her claim from September 3, 2011, the day Mr. Clairjeune advised her that her grievance was withdrawn. *See Bartholomew v. AGL Res., Inc.*, 361 F.3d 1333, 1342 (11th Cir. 2004) ("[T]he statute of limitations began to run when the plaintiffs were informed that the union would not submit their grievances to arbitration…"). Ms. Guice filed her claim over four years after statute of limitations began to run, so her claim is time barred.

Ms. Guice also argues that the district court erred by considering her affidavit, attached to and cited in her complaint. The affidavit set forth additional facts relevant to her claims, including her communications with various union representatives, details about the arbitration, and that her grievance regarding non-compliance with the arbitration award had been withdrawn in September of 2011. Because the affidavit was referenced in her complaint and includes facts central to the claim, the district court was permitted to consider it. *See Starship Enter. of Atlanta, Inc. v. Coweta Cnty., Ga.*, 708 F.3d 1243, 1253 n.13 (11th Cir. 2013).

**III**

Next, Ms. Guice argues that the district court abused its discretion in denying her motion for sanctions against Assistant United States Attorney Michael Kenneth, counsel for the Postmaster, by (1) waiving the requirement that he file an opposition brief to her motion for sanctions; (2) *sua sponte* denying her motion; (3) failing to reference or discuss any of the issues or authorities she raised in her motion; and (4) failing to expressly cite its jurisdictional authority in its order. We review a district court's decision to deny sanctions under Rule 11 and 28 U.S.C. § 1927 for an abuse of discretion. *See Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010).

The district court did not abuse its discretion. First, as discussed above, there is no requirement that the district court (1) reference or discuss the issues or authorities raised by Ms. Guice or (2) expressly cite its jurisdictional authority in its order. Second, with respect to her Ms. Guice's other two bases, 28 U.S.C. § 1927 does contain a requirement that the opposing party respond before the court rules on the motion. Likewise, although Rule 11 affords "notice and a reasonable opportunity to respond," it does not require a response before a ruling on the motion. Fed. R. Civ. P. 11(c)(1). AUSA Kenneth's filings were not frivolous, nor in bad faith, and Ms. Guice has failed to identify any instance where AUSA Kenneth "intentionally and unnecessarily delay[ed] judicial proceedings." *See*

8

*Peer*, 606 F.3d at 1314.  Thus, the district court did not abuse its discretion in denying her motion for sanctions.

## IV

Ms. Guice also contends that the district court erred by rejecting her motions for a new trial and to alter or amend certain orders under Rules 59 and 60.  We review the district court's denial of motions brought under Rules 59(a), 59(e), and 60 for abuse of discretion.  *See McGinnis v. Am. Home Mortg. Servicing, Inc.*, 817 F.3d 1241, 1255 (11th Cir. 2016); *Jackson v. Crosby*, 437 F.3d 1290, 1295 (11th Cir. 2006).  Ms. Guice raises the same procedural bases supporting her allegations of error, that the district court did not (1) require the Postmaster to respond to the motion; (2) issue a notice that it intended to consider the motion *sua sponte*, listing all authorities and positions it intended to consider, and allow Ms. Guice notice and an opportunity to be heard on those issues; and (3) expressly state the basis for its jurisdiction on the face of the order.  We reject these bases for the same reasons discussed above.  Because these grounds lack merit (and, in many cases were repeated from prior arguments already raised to the district court), they are not a proper basis for reconsideration.  *See Maradiaga v. United States*, 679 F.3d 1286, 1291 (11th Cir. 2012) (to prevail on a Rule 60 motion, the proponent "must demonstrate a justification for relief so compelling that the district court was required to grant [the] motion"); *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir.

2007) (noting that reconsideration is not appropriate to "relitigate old matters"). We find no abuse of discretion.

## V

Last, Ms. Guice moves for reconsideration from our order denying her motion to dismiss the appeal and/or strike appellee's reply brief. Ms. Guice argues that we must reconsider our order because we failed to (1) cite the applicable standard of review; (2) cite the court's jurisdiction on the face of the order; and (3) cite any findings of facts or conclusions of law. None of these procedural bases for reconsideration have merit; therefore, we deny the motion for reconsideration.

## VI

For the foregoing reasons, we affirm the district court in all respects and deny Ms. Guice's motion for reconsideration.

**AFFIRMED; MOTION FOR RECONSIDERATION DENIED.**